## Case No. 11,390.

### PRESCOTT et al. v. NEVERS et al.

[4 Mason, 326.] [1]

Circuit Court, D. Maine.    May Term, 1827.

REAL PROPERTY— CLAIM UNDER DEED—DISSEISIN —TENANT IN COMMON—WASTE.

1. Where a person enters into possession under a recorded deed claiming title to the entirety, and exercises acts of ownership, it is a disseisin

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[1] [Reported by William P. Mason, Esq.]

of all persons who claim title to the same land to the extent of the boundaries in the deed.

[Cited in Dexter v. Arnold, Case No. 3,859; Ex parte McNiel, 13 Wall. (80 U. S.) 243.]

[Cited in Alexander v. Kennedy, 19 Tex. 488; Hicks v. Coleman, 25 Cal. 136; McCourt v. Eckstein, 22 Wis. 156; Martin v. Maine Cent. R. Co., 83 Me. 102, 21 Atl. 741; Minot v. Brooks, 16 N. H. 378; Rehoboth v. Carpenter, 23 Pick. 187; Rutter v. Small, 68 Md. 138, 11 Atl. 698; Smith v. McKay, 30 Ohio St. 417; Stevens v. Brooks, 24 Wis. 329; Tappan v. Tappan, 36 N. H. 112.]

2. One tenant in common may disseise another; and if a person enter into possession, claiming title to the entierty under a deed, and the title turns out to be defective as to a moiety, it is a disseisin of the parties entitled to that moiety.

[Cited in Dexter v. Arnold, Case No. 3,859; The Vidal Sala, 12 Fed. 208.]

[Cited in Bellis v. Bellis, 122 Mass. 415; Culver v. Rhodes, 87 N. Y. 354; Carpentier v. Mendenhall, 28 Cal. 487; Foulke v. Bond, 41 N. J. Law, 538; Oglesby v. Hollister, 76 Cal. 141, 18 Pac. 146; Parker v. Locks and Canals, 3 Metc. (Mass.) 101, 102; Richardson v. Richardson, 72 Me. 409; Warfield v. Lindell, 30 Mo. 286. Cited in brief in Wass v. Bucknam, 38 Me. 358.]

3. The act of March 15th, 1821, c. 35, § 2 [1 Smith's Laws Me. p. 137], which punishes waste and cutting down trees &c. by one tenant in common, without notice to the others, by treble damages, applies only to cases, where the tenancy in common is admitted, and not to cases, where the entierty is claimed by title, or disseisin, although it turns out defective as to a moiety.

Trespass for cutting down 4000 timber trees on lot No. 1, in the fifth division of lands drawn to the right of David Chandler, in the township formerly called New Suncook, now composing the towns of Lovell and Sweden, whereof the plaintiffs [James Prescott and another] and defendants are tenants in common, against the statute of the 15th of March, 1821 (chapter 35). Plea, the general issue of not guilty.

At the trial it appeared in evidence, that the township was granted to certain proprietors by resolves of the legislature of Massachusetts, passed on the 5th of February, 1774, and 13th of April, 1779, of which David Chandler was one, and in the first division of the lots, drawn by the proprietors on the 23d of March, 1780, he drew No. 14. The fifth division was not drawn until the 23d of September, 1817, when the lot now in controversy was drawn to the right of No. 14. David Chandler died about fifty years ago, leaving several children his heirs, whose title in the premises, excepting that of David Chandler, the eldest son (who took a double share or quarter part of the premises), was, in December, 1820, and January, 1821, conveyed to Samuel Farrar, one of the plaintiffs, and by him a moiety was conveyed to the co-plaintiff, Prevost, in March, 1822. This constituted the plaintiffs' title.

The defendant, Samuel Nevers (the other defendants being merely his servants) claimed title to the premises, as well as to all the other lands drawn to the proprietary right of Daniel Chandler, the father, under a sale for non-payment of taxes assessed by the proprietors in January, 1782, and conveyance to David Chandler, the son. The latter conveyed the same, in August, 1782, to Aaron Whittemore, through whom, by intermediate conveyances, the same came to Samuel Nevers, in October, 1817. None of the deeds were recorded before June, 1798. It was admitted, that the tax sale was not legal. In 1816, and again in 1818, Nevers authorized the hay to be cut, on a natural meadow on the premises, and in 1821, 1822, and 1823, he cut off the timber, claiming to be owner. Nevers, and those under whom he claimed, had paid taxes assessed on the proprietary right; but it did not appear that any taxes had ever been paid, or other acts done by the heirs of David Chandler, under whom the plaintiffs claimed their title, since the tax sale in 1782. An entry into the land in controversy was made in behalf of Farrar in the autumn of 1821.

Under these circumstances, Shepley & Longfellow, for defendants, made two points: 1. That there was an actual disseisin, by Nevers, of the heirs, under whom the plaintiffs claimed title, at the time of their conveyance to Farrar, in 1820 and 1821, and consequently their deeds were inoperative. Assuming the defendant, Nevers, to be a tenant in common only, and not entitled to the entierty, still he might disseise, and, as the facts proved, he had disseised the co-tenants. 2. That the statute action could not be maintained in a case like the present, where the defendant claimed to be sole owner of the premises by disseisin or by right, but it applied exclusively to cases where there was, at the time of the trespass, a recognised tenancy in common between the parties. On the first point, they cited Bracket v. Norcross, 1 Greenl. 89; Proprietors of Kennebec Purchase v. Laboree, 2 Greenl. 275; Farrar v. Merrill, 1 Greenl. 17.

Mr. Fessenden, for plaintiffs, argued e contra on both points. As to what constitutes seisin, he cited Co. Litt. 153a; Litt. § 681; Com. Dig. 15; Taylor v. Horde, 1 Burrows, 60; 1 Taunt. 569, in argument; Id. 589; 3 Bl. Comm. 176; Hargrave and Butler's notes to Co. Litt. 330b, note 285; 6 Johns. 197; Com. Dig. "Seisin," A. 2; 1 Mass. 483; 3 Mass. 219; 4 Mass. 416; 10 Mass. 146, 403. As to what constitutes disseisin, he cited Litt. § 279; Co. Litt. 181a; 3 Bl. Comm. 171; 12 East, 141; Com. Dig. "Seisin," F; Cro. Car. 303; 6 Mass. 229; 9 Mass. 96; 10 Mass. 93; 11 Mass. 163, 222; Little v. Megquier, 2 Greenl. 176; Little v. Libby, Id. 242. He farther contended, that an entry by the heirs might be presumed, if necessary to give effect to the deed to Farrar; and for this he cited Knox v. Jenks, 7 Mass. 488. Concurrent possession is no ouster. 2 Mass. 506; 10 Mass. 464. A deed by one tenant in common of the whole, is not an ouster of the others. 12 Mass. 348; 14 Mass. 434; 17 Mass.

74. As to the second point, he contended that the statute applied to all cases where the parties were really, in law, tenants in common, although one might claim the entierty. The mischief was the same, and the remedy ought to be the same.

In reply, the points made by the defendants' counsel were enforced at large.

STORY, Circuit Justice. Upon the first question, there does not seem to be any real ground for doubt. Notwithstanding the language of Lord Mansfield, in Taylor v. Horde, 1 Burrows, 60, what constitutes a disseisin is, at least in this country, well settled. I remember to have heard a learned judge (the late Chief Justice Parsons) say, that Lord Mansfield had not gone to the bottom of this matter, and had puzzled himself unnecessarily. This observation attracted my attention at an early period of my professional life, and I have made some researches to ascertain its accuracy. This is not, however, the proper occasion to investigate the subject at large. There is a distinction between disseisins, which are in spite of the owner, and disseisins at his election. But the distinction often turns upon other principles than those which have been stated. The owner cannot elect to consider himself disseised, where the act is not of such a nature as, in law, affords a presumption of a disseisin. But where an act is done, which is equivocal, and may be either a trespass or disseisin, according to the intent, there the law will not permit the wrongdoer to qualify his own wrong, and explain it to be a mere trespass, unless the owner elects so to consider it. See the cases of Jerritt v. Weare, 3 Price, 575; Proprietors of Number Six v. M'Farland, 12 Mass. 325.

In the present case the defendant, Nevers (for the other defendants are in no sense tenants in common, but mere servants), entered into the land, after it was divided in 1817, under title, and exercised all the acts of ownership of which it was capable, in its then state. He cut down the grass, and, subsequently, the trees, under a notorious and open claim of right to the entierty, under a conveyance then on record. He did not enter as a tenant in common, though, possessing the title of the eldest son as heir, he was certainly the true and legal owner of one quarter part. The possession, then, being, in the most favourable view to the plaintiffs, vacant, and the land wild, his title, under such circumstances, would without an entry have drawn to him the legal seisin of that part. But he made an actual entry into the whole, claiming the entierty, in fee and of right. His acts of ownership were such, as amounted to a disseisin of the co-tenants; for he entered as sole owner; his possession was open and notoriously adverse to them; and his acts went to a waste of the estate, and their utter disseisin. I take the principle of law to be clear, that where a person enters into land under a claim of title thereto by a recorded deed, his entry and possession are referred to such title; and that he is deemed to have a seisin of the land co-extensive with the boundaries stated in his deed, where there is no open adverse possession of any part of the land, so described, in any other person. The seisin of Nevers, so acquired and continued, must be considered as subsisting, until an entry of the other persons, claiming title, interrupted it. No such entry is proved to have been made by the heirs, who conveyed to Farrar before their conveyance to him. Their deeds are therefore inoperative to convey the title, for they were at that time disseised. There can be no legal doubt, that one tenant in common may disseise another. The only difference between that and other cases is, that acts, which, if done by a stranger, would per se be a disseisin, are, in the case of tenancies in common, perceptible of explanation, consistently with the real title. Acts of ownership are not, in tenancies in common, necessarily acts of disseisin. It depends upon the intent, with which they are done, and their notoriety. The law will not presume that one tenant in common intends to oust another. The fact must be notorious, and the intent must be established in proof. In the case at the bar, there can be no question of the intent. The title under which Nevers claims, originated under a tax sale in 1782. It embraced the whole lands belonging to the proprietary right of David Chandler, the father. Although it could not operate as a disseisin of any of the undivided lands, because the seisin of the co-proprietors of those lands was a seisin for all the proprietors; yet it establishes the fact, that Nevers, and those under whom he claims, have always since that period made an assertion of right to the entierty. His entry and possession must then be referred to that title. The heirs have never asserted any claim to the lands for fifty years by paying taxes or otherwise; and there is nothing in the case from which the court can presume an entry or seisin by them.

As to the second point, it appears to me plain that the statute meant to give the remedy, which it prescribes, only in cases of acknowledged tenancies in common. It declares, "that if any person, holding any lands in common and undivided, shall cut down &c. any trees &c. on such lands &c. or make any other strip or waste thereon, without first giving notice in writing under his or their hands unto all the persons interested therein, or to their agents &c., forty days beforehand, setting forth that he or they have occasion for, or shall enter upon and improve such lot or lots of land lying in common as aforesaid, he shall forfeit and pay treble damages, to be recovered &c. &c." The statute is highly penal, and ought not to be construed to embrace cases, which are not fairly within its terms. If it is susceptible of two interpretations, one of which satisfies the terms, and stops at the obvious mischief provided against, and the

other goes to an extent, which may involve innocent parties in its penalties, it is the duty of the court to adopt the former. What will be the result of the interpretation, for which the plaintiffs' counsel contends? It goes the length of maintaining, that an innocent person purchasing the entierty of an estate for a valuable consideration, and cutting down trees &c. in the perfect confidence of his title's being unimpeachable, might, if it should turn out defective to any, however minute an undivided portion, be subjected to the statutable penalty. Such a result could certainly not be within the contemplation of the legislature, and would work mischiefs of a far more extensive nature, than the statute itself was designed to cure. The words of the statute are, "any person holding (that is, owning or possessing) any lands in common and undivided," which plainly suppose, that the party does not claim to hold or possess in severalty. It goes on to provide, that the notice shall be given in writing "unto all the persons interested therein." How can this be done, unless the party has knowledge that other persons have an interest in the land, and recognises their title? If the party holds, in fact, in severalty, and claims title to the entierty, it cannot be that the law compels him, at his peril, to take notice of titles of which he is ignorant, or which he utterly denies. It appears to me, that the statute remedy was meant to afford redress only in cases where the land is, in fact, held in common, and to punish any waste done by a co-tenant, who recognises the title, but wilfully does an injury to the common inheritance. Limited in this way, the language of the statute is satisfied; and construing this, as all other penal enactments are construed, I cannot perceive any ground for applying it to cases like the present. In no just sense can a disseisor, or other person holding the entierty under an adverse title, be deemed to be in privity with the other tenants in common. On both grounds, therefore, I am of opinion, that the plaintiffs are not entitled to recover; and I am authorized to say, that the district judge concurs in this opinion.

The plaintiffs, on this opinion, being delivered, asked leave to discontinue, which was accordingly granted.

---

PRESCOTT (UNITED STATES v.). See Cases Nos. 16,084 and 16,085.

PRESCOTT, The GEORGE. See Case No. 5,339.

---

### PRESIDENT, ETC

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the banks. etc.; e. g. "President, etc., of the Bank of Columbia v. Jones. See Bank of Columbia v. Jones."]