Per Curiam.

The material question presented in this case is, whether at the time of the cutting and sale of the wood and timber, the plaintiff was ousted or disseised ; and if so, whether he can maintain an action of assumpsit for money had and received, to recover a proportion of the proceeds of such sale.
It is unquestionably a rule of law, that the possession of one tenant in common, although exclusive, being alike consistent with his own right and the right of his cotenant, does not amount to an ouster or disseisin, however long continued ;[1] and that an actual amotion, or some act which the law deems equivalent to an actual amotion, is necessary, to constitute a disseisin of his cotenant by a tenant in common. But it appears in the present case, that Baldwin, under whom the defendant claims, entered under a deed purporting to convey the whole estate. He entered claiming the whole, and until the *164 levy after mentioned, held the actual possession of the whole, under such deed and claim, nor has the plaintiff ever entered to regain his seisin as cotenant. We have deemed it unneces sary to decide whether this deed to Baldwin was of itself such a disseisin of the plaintiff as would put him to his action or entry,[1] 2******because we are of opinion that the subsequent proceedings did amount to such a disseisin. It appears that after Baldwin thus entered upon the land, under a deed purporting to convey the whole estate, and which deed we are to presume was duly registered, the defendant levied his execution upon the whole tract, had it set off to him and seisin thereof delivered to him, according to the statute, under which he entered and claimed to hold the tract, and so continued to hold when the plaintiff brought the present action.[2]
The only question here is, whether the plaintiff was so far disseised as to be divested of the legal possession, so that in case of a direct injury to it he cannot maintain an action of trespass. The case of Allen v. Thayer is, in many points, strongly analogous to the present. The case was this. The land of the plaintiff was in the occupation of the defendant, and was levied upon by the Northampton bank, as the property of the plaintiff; and from and after that levy the defendant continued to occupy under the bank, and paid rent to them, for about two years, when he purchased of them the estate in fee. Subsequently a defect in the proceedings upon the levy being discovered', another creditor of the plaintiff levied upon the land, and held it both against the bank and the defendant holding under them. The plaintiff brought an action of assumpsit for the rents and profits, between the periods of the first and *165 second levies, on the ground that as the first levy was void, the title of the plaintiff was not divested by it, but he continued to be the lawful owner, and had a right to recover the rent ' against the defendant, who had held under a void title. The Court held that the discovery of the defect of title showed no privity of contract between the plaintiff and defendant. The bank obtained seisin and possession of the estate wrongfully. The plaintiff might have declared against them as disseisors, or entered upon them. But whatever remedies he might have had, it was certain he was turned out, and the bank were put in and took the actual possession. There it was held, that by e the levy of an execution, though wrongful, the owner was actually disseised. The only distinction between that case and the present is, that here the plaintiff claimed an undivided quarter part, and there he was the sole owner. But when it is considered, that Baldwin did not enter and hold as a tenant in common, but under a deed conveying the whole, that the whole was levied upon as the property of Baldwin, and seisin delivered of the whole, we think the defendant is to be taken and deemed a stranger, and that these acts amount to a disseisin of the plaintiff, in the same manner us if he had been sole seised. If this position is correct, it seems to follow of course, that an action of trespass would not lie, until seisin and possession were regained by action or entry.
In the same case already cited it was held, that a disseisee cannot maintain trespass for a wrong done after the disseisin and before a reentry ; for the freehold is in the disseisor all the time after the disseisin. The case of Codman v. Jenkins seems to be a strong authority to the same point. It was there held, that a party having good title, but who had not entered under it, could maintain no action against the party in possession, for use and occupation.
The ground upon which the present action was brought, is, that the plaintiff, in right of his wife, being seised of one quarter part of the land in controversy, bad a like interest in the trees when cut, and as the defendant has sold them, the plaintiff may claim his share of the proceeds, in an action for money had and received. But if the above views are correct, respecting the relation in which this plaintiff stood to the freehold, and *166 if he was at the time disseised, — until he had regained his seisin and possession by judgment or entry, he had no such interest in the land as would give him an interest in the trees when severed, and of course he had no such interest in the money for which they were sold, as to enable him to maintain assumpsit for money had and received. This may be illustrated by considering what his rights would be in the same circumstances, had he claimed a title to the whole, instead of an undivided part; and this is the view in which it was placed in the argument for the plaintiff. ' It was contended, that in such case the plaintiff had a right to bring trespass, and having such right, if the defendant had sold the wood and converted it into money, the plaintiff might waive his claim on the tort, affirm the contract of sale, and bring assumpsit for the proceeds ; and the cases of Jones v. Hoar, and Miller v. Miller, were cited to support this view of the case. But these cases do not establish the principle contended for. Miller v. Miller was assumpsit by one tenant in common against his cotenant, for the proceeds of wood sold. The Court, in that case, begin by stating that it did not appear at the trial, that there was any controversy about the title. If that had been in dispute, the plaintiff might have been nonsuited, and turned over to his writ of entry, or petition for partition. The action proceeded on the admitted fact, that the plaintiff and defendant were tenants in common. If then the plaintiff would be driven to his writ of entry or other form of real action, in which the title is directly drawn in issue, where there is a mere controversy about the title, a fortiori must that be true in a case like the present, where the plaintiff is disseised. In Jones v. Hoar, the point decided was, that where trespass had been committed upon land, and trees cut and carried away, but not sold and converted into money, assumpsit for the timber, as for goods sold and delivered, would not lie. The argument, however, and the decision proceeded on the assumption, that if the timber had been sold, the plaintiff might have recovered the proceeds, as money had and received. But the marked distinction between that case and the present is, that there the plaintiff was not disseised. He therefore might have maintained an action of trespass quare clausum, or cle bonis asportatis, or trover for *167 the trees ; and having such right of action for the property, by a well established rule of law he could waive his claim for the tort, and sue for the money for which the goods were sold.
, The case therefore affords no authority for supporting such an action, where there is no such actual seisin and possession at the time as to enable the owner to maintain trespass or trover, and where of course there is no tort to waive.
The opinion of the Court is, that the plaintiff is not entitled to maintain this action, and that the nonsuit must stand.[1]

 See Knox v. Silloway, 1 Fairfield, 211; Vaughan v. Bacon, 15 Maine R. (3 Shepley,) 457.

 Where one tenant in common of land conveys the whole estate in fee, with covenants of seisin and warranty, and the grantee enters and holds exclusive possession thereof, such entry and possession are a disseisin of the co-tenant. Kittredge v. Locks & Canals, &c. 17 Pick. 246.

 See Thomas v. Pickering, 13 Maine R. (1 Shepley,) 353 ; Porter v. Hooper, Maine R. (1 Shepley,) 28, 29; Pickard v. Rickard, 13 Pick. 251 ; Williams v. Gray, 3 Greenleaf, 207; Prescott v. Nevers, 4 Mason, 326; Brackett v. Norcross, 1 Greenleaf, 89; Little v. Megguier, 2 Greenleaf, 176; Proprietors of Kennebec Purchase v. Laboree, 2 Greenleaf, 275 ; 4 Kent’s Comm. (3d ed.) 370; Whiting v. Dewey, 15 Pick. 428; Towle v. Ayer, 8 N. Hamp. R. 63: Thomas v. Hatch, 3 Sumner, 104; Varnum v. Abbott, 12 Mass. R. 474.

 See Binney v. Chapman, 5 Pick. 129; Boston v. Binney, 11 Pick. 1; Wyman v. Hook, 2 Greenleaf, 337; Wiggin v. Wiggirt, 6 N. Hamp. R. 298; Cripps v. Blank, 9 Dowl. & Ryl. 480 ; Richey v. Hinde, 6 Hammond, 371; Stockett v. Watkins, 2 Gill & Johns. 326.