Abram P. Goewey, Appellant, v. Andrew Urig, Appellee.

### APPEAL FROM CALHOUN.

Where a party claims title under the twenty years' limitation, having entered without claim or color of title, his possession is to be deemed coëxtensive with his actual occupancy, *pedis possesio;* but if he entered under claim and color of paper title, his possession is to be deemed coëxtensive with the boundaries of the deed, where there has been no other actual occupancy of any part of the tract.

A party in actual possession of part of a tract of land, claiming the whole, and without claim or color of paper title, may be deemed to be possessed as against other trespassers and intruders, but not as against the true owner.

The simple production of a deed from the auditor on a tax sale, under the act of 1827, is not sufficient; the party relying on it must also show a compliance with the prerequisites of the statute. But it may be good color of title under the statute of limitations, if held in good faith.

The sale of an entire tract, by one of several tenants holding in common, followed by adverse possession, amounts to an ouster or disseizure of the co-tenans, and the statute of limitations will bar their action or entry.

A. for a number of years held a tract of land under a title deducible of record, and occupied the north half of it. B., without any title, occupied a portion of, and held an adverse claim to, all of the south half of it, and then purchased A.'s interest in the south half: *Held,* That five years afterwards B. could not avail himself of the seven years' statute of limitations, having held adversely to A. for two of the seven years.

This was an action of ejectment, brought by plaintiff to recover the south half of southeast quarter 27, 9 S., 2 W., claiming title in fee.

Declaration served second of April, 1855, and rule to plead entered at May term, 1855, of said court. Plea, general issue, and cause continued until May term, 1856, when it was tried by jury, and verdict and judgment for defendant.

Bill of exceptions shows that plaintiff, to maintain the issue on his part, offered, in evidence:

1st. Patent from United States to Enoch H. Hill for the whole of said quarter section, dated 21st of October, 1817, and there deduced title in fee by a regular chain of conveyance from said Hill to himself, before the service of declaration herein; and here rested his case.

Defendant then read to the jury a deed from the auditor to G. W. Berrian, for sale of 1827, for taxes of 1825 and 1826, for the whole of said quarter, dated 18th September, 1829; and then deduced title under said deed, by a regular chain of conveyances, to Thomas A. Ayres, William Walker, George P. Shipman and Leonard Cuming. Defendant next read, in evidence, a power of attorney from George E. Shipman, Louisa Shipman, and Caroline G. Shipman, to Phelps & Bourland, dated 14th of July, 1847, empowering them, or either of them, to sell any land in Illinois of which George P. Shipman died seized.

Deed from said George E. Shipman and Caroline Shipman,

by Phelps, as attorney in fact, to John Myres, for the whole quarter, dated 15th of January, 1848.

Deed from John Myres to defendant for south half of said quarter, dated 28th of July, 1850.

To the reading of which deeds, and of each of them, the plaintiff at the time objected. Objection overruled and deeds read.

Defendant then proved the payment of all taxes on the whole quarter by John Myres for the years 1848 and 1849, and payment of taxes on the south half by defendant for the years 1850, 1851, 1852, 1853, and 1854, and then proved, by A. Dejerley, that he had known the land for forty years; that Jacob Crater went upon said quarter of land between twenty and twenty-five years ago; built a cabin, fenced and cultivated six or eight acres, and remained thereon, claiming to be the owner, until 1844, when he sold to defendant, and moved off. Defendant then moved on to the land, built a house on the south half, and has resided thereon until the commencement of this suit. There were only six or eight acres fenced on the quarter when defendant moved on, and he has since extended the fences so as to inclose about forty acres on the south half.

Defendant further proved, by F. Shaefer, that he had known the land since 1837, and that when Myres purchased the land, in 1848, from Phelps, as attorney for Shipman, he entered upon the north half, and inclosed six or eight acres, and has been in possession thereof ever since.

Plaintiff then offered to prove that, at the time said Myres entered upon said north half, defendant was in possession of part of the south half, and claimed title to the whole quarter, adversely to said Myres, and that he continued in such possession under such adverse claim, and denying that Myres had any title to any portion of said quarter until the execution of the deed from Myres to defendant, in 1850.

To the admission of which evidence defendant objected, and the court sustained such objection, and refused to permit plaintiff to prove said facts; to which plaintiff excepted.

Jury found for defendant.

Motion for new trial was overruled, and judgment for defendant; to which plaintiff excepted.

The errors assigned are, that the court erred in receiving, in evidence, the deed of the auditor, and each successive deed thereafter.

The court erred in rejecting the evidence offered by the plaintiff; and in finding the issue for the defendant, and in overruling the motion for a new trial.

C. L. Higbee and M. Hay, for Appellant.

W. A. & J. Grimshaw, for Appellee.

SCATES, C. J. Plaintiff deduced a regular chain of title from the government to himself.

The defendant deduced title under a deed from the auditor to Berrian, dated in 1829, which was founded on a tax sale of 1827, for the taxes of 1825–6. Title was traced from Berrian to Ayres, Walker, Shipman and Cuming. Shipman's interest passed by deed to Myres, executed by power of attorney, purporting to convey the whole quarter section, and from Myres, by deed, for south half of the quarter, to defendant. The deed to Myres was executed in 1848, under which he entered on the north half, claiming title to the whole, and cleared and cultivated a few acres the same year.

The defendant being then in possession of an improvement, residing on and cultivating a field on the south half of the quarter in 1848, continued in possession until it was conveyed to him in 1850. Myres paid taxes upon the whole in 1848–9, and defendant on the south half the five succeeding years. The defendant relies upon the statute of seven years' limitations.

The defendant further proved, that one Jacob Crater settled upon the land in dispute, built a cabin, fenced and cultivated six or eight acres, some forty years ago, claiming to be the owner, and continued to reside upon it until 1844, when he sold out to defendant. Defendant in that year entered upon the south half, built another house, and continued to reside upon the land, claiming to be the owner, and cultivated and enlarged the tillable land from thence hitherto until he has enclosed about forty acres. I understand defendant to claim the benefit of the twenty years' limitation also.

The plaintiff offered to prove that, at the time Myres entered upon the north half, defendant was in possession of part of the south half, claiming title to the whole quarter section adversely to Myres, and that he likewise claimed the south half adversely to Myres up to the date of the deed from Myres to him in July, 1850. This evidence was excluded.

I take these questions in their reversed order. This evidence was clearly admissible as rebutting the facts and inferences from them, upon which the statutes of limitations are invoked to maintain defendant's title. The importance of this will be readily seen in connection with the principles of law applicable to each set or state of facts.

If the defendant relies upon the act of twenty years' limitation, he does so, in this case, upon a naked possession, without claim or color of paper title derived from any source. Upon this state of facts, the extent of protection afforded by the statute is limited to that portion actually occupied—the *pedis possessio* of defendant—and to which he has continued his possession unchanged for twenty years. Such portions as have been

added from time to time to the area of possession, and subdued to tillage or other use within twenty years, will not fall within the protection of the statute. The paramount right and title draw to them the seizin in law, and the true owner is in the constructive possession of every part which is not in the actual occupancy of adverse claimants, and the disseizin of one entering without color of paper title will be coëxtensive with his actual occupancy only. But where the party enters under claim and color of paper title, his adverse possession is deemed to be coëxtensive with the boundaries of his deed, if no other is in actual occupancy of any part of it. In Pennsylvania, this last position is applied to the possessions of naked trespasses and disseizins of owners—if there be surveys or marked or known boundaries to the tract—and no distinction is made between a mere disseizor and one entering under claim and color of paper title. *Porter* v. *McGinnis*, 1 Penn. State R. 413; *Kite et al.* v. *Brown et al.*, 5 ibid. 291; *Waggoner* v. *Hastings*, 1 ibid. 300; *Fitch* v. *Mann*, 8 ibid. 503.

There are some very plausible and forcible reasons for this rule, and it surely has the merit of convenience in furnishing woodlands for timber, rails, firewood, etc., to support the farm lands. The rule was supposed to be different there formerly.

But I regard the general rule to be well supported by the current of authorities as I have laid it down, confining the naked intruder and disseizor to his actual inclosures, and giving the boundaries of the deed to those who enter under claim and color, so far as not actually possessed by others; in support of which I refer to the following authorities: Angel on Limit. 424 to 437; *Barr* v. *Gratz's heirs*, 4 Wheat. R. 213; *Lessee of Clarke et al.* v. *Courtney et al.*, 5 Pet. R. 318; *Prescott et al.* v. *Nevers et al.*, 4 Mason R. 326; *Lessee of Potts* v. *Gilbert*, 3 Wash. C. C. R. 477; *Jackson* v. *Schoonmaker*, 2 John. R. 230; *Jackson ex dem. Gilliland et al.* v. *Woodruff et al.*, 1 Cow. R. 276; *Jackson ex dem. Young et al.* v. *Camp*, ibid. 605; *Jackson, etc.* v. *Halstead*, 5 ibid. 216; *Jackson, etc.* v. *Warford*, 7 Wend. R. 62; *Bailey et al.* v. *Irby et al.*, 2 Nott and McCord R. 343; *Poignaud* v. *Smith*, 8 Pick. R. 272; *Bank Kentucky, etc.* v. *McWilliams*, 2 J. J. Marsh. R. 256; *Bowles* v. *Sharp*, 4 Bibb R. 550; *Poage's heirs* v. *Chuin's heirs*, 4 Dana R. 50.

Under this view of the rule, the defendant failed in establishing title by twenty years' possession to the whole south half. Indeed, his title must be confined to that portion of the forty acres inclosed, which has been so occupied or in possession for twenty years. The verdict cannot stand, for, by the verdict, defendant recovers the whole south half. The rebut-

16

ting evidence was admissible to show that he made claim under this possession, and not that of Myres' title.

I do not regard the rule here laid down under the statute of limitations in conflict with the doctrine of *Davis* v. *Easely et al.*, 13 Ill. R. 192. Parties may be deemed to be possessed as against other trespassers and intruders, and allowed to vindicate that possession by actions of trespass and replevin, while, as to the true owner having both the right and legal title, such presumption cannot be indulged; for the law gives him both constructive possession and legal seizin of all not in actual adverse possession.

The simple production of a deed from the auditor, on a tax sale under the act of 1827, is not sufficient; the party relying upon it must also show a compliance with the prerequisites of the statute (*Garrett* v. *Wiggins*, 1 Scam. R. 335), when it is relied on as title.

But it may be good color of title under the statute of limitations, when held in good faith. *Woodward* v. *Blanchard*, 16 Ill. R. 424.

Viewing it in the light of a foundation for the statute, and from it defendant deduces title to one undivided fourth of the south half. Title is traced from Berrian into Ayres, Walker, Shipman and Cuming. The heirs of Shipman alone convey to Myres. Ayres, Walker, Shipman and Cuming, were tenants in common; the possession of one was the possession of all, and the subsequent conveyances might have only substituted Myres and defendant to the tenancy in common with the other tenants, in place of Shipman.

But we may, and possibly are compelled to look at the deed in another light. Tenants in common may disseize a co-tenant, by acts appropriating the exclusive possession of the land, or permanency of the profits, and especially when such acts are accompanied by declarations of such an intention, or it is unequivocally manifested by them. *Larman* v. *Huey's heirs*, 13 B. Monroe R. 436; *Law* v. *Patterson*, 1 Watts and Serj. R. 184; *Culler et al.* v. *Motzer*, 13 Serj. and Rawl. R. 356. So a sale of the whole tract, followed by adverse possession, amounts to an ouster or disseizin of the co-tenants, and the statute of limitations will bar their action or entry. 13 Serj. and Rawl. R. 356.

The heirs of Shipman conveyed the fee in the whole tract, and the purchaser, Myres, entered into possession, claiming the whole as owner. This may have amounted to a disseizin of the other co-tenants in common, and thus, under the statute of limitations, bar them as well as all others, and so show the fee in defendant alone; and thus prevent the plaintiff from

recovering the three-fourths not in the defendant. The eleventh section of the act of limitations tolls an entry as well as an action in seven years, where there is possession by actual residence, having connected title in law or equity, deducible of record, etc. But under the provisions of the conveyancing act, sections eight, nine and ten, the entry does not seem to be tolled. Rev. Stat. '45, p. 1045 and p.. 350, Sec. 11.

The defendant has not attempted to present title under the eighth section of the limitation act, not having shown the auditor's authority to sell as required under the act of 1827. Nor has he shown seven years' residence thereon by Myres and those claiming under him. For, although Myres' possession by actual residence upon the north half commenced seven years and more before suit, accompanied by claim of title to the whole, yet defendant was in the actual possession, by residence, of a part of the south half; and, as the parol proof would have shown, had it been admitted to rebut this part of the case, claiming title not only to it but to the whole quarter, adversely to Myres' title, Myres could not, therefore, have been actually or constructively in possession of so much as was within defendant's inclosures. Upon this portion of the tract no aid can be derived from Myres' possession, nor can defendant's possession avail him for the purposes of the eighth section ·of the conveyancing act, until the title and possession meet in the same person. Defendant acquired title, by purchase from Myres, in 1850, since which time seven years were not complete. It is essential, therefore, to use the possession as well as the title of Myres in making up the seven years and the payment of taxes.

Now, had defendant shown such title in Myres as would, under the statute of conveyances (Rev. Stat. 102–3, Secs. 1, 4), have drawn to it the constructive possession and legal seizin, then he might claim all that portion of the south half not in his own actual possession, through Myres' constructive possession, for the purposes of a bar; and that portion of the south half in his own actual inclosures, *pedis possessio,* or those under whom he claimed, for twenty years, he could defend under the twenty year act. That portion of his actual inclosures excluded from the twenty year bar, for want of a possession of it for that time, and excluded from the seven year bar, on account of his actual possession when Myres entered, would still be subject to a recovery by plaintiff.

As the question was not discussed, I will not decide upon the sufficiency of a tax deed, under the act of 1827, without any proof of a compliance with the prerequisites of the statute in the sale, to draw to it a legal seizin and constructive possession, as against the patent title. Both cannot, at the same

time, be deemed to be in seizin and possession, being hostile titles. If the patent title as paramount, is to carry these legal incidents, until it be divested by the showing the prerequisites of the act authorizing the sale to have been complied with, then no aid could be derived from Myres' deed, except through Myres' possession. It would be, therefore, his possession, accompanied by his deed as color, that would divest the legal seizin and constructive possession of the patent title. I merely throw out these suggestions as inviting attention to this feature, if it may have any bearing in solving the rights of the parties in another trial.

There must be another trial, as we are of opinion that defendant has maintained possession of more than appears to us to be his, by either of our statutes of limitations, the twenty or the seven year act. As the case now stands, it would appear that he might maintain his claim to different portions of the land, under each provision, unless it be in part destroyed by the rebutting evidence, which appears to us admissible for that purpose. By inclosure, we do not intend to be understood fencing only.

Judgment reversed and cause remanded for new trial.

*Judgment reversed.*