## Joseph Faith v. Frank Yocum.

1. POSSESSION—*Holding Without a Title—Extent of Possession.*—The possession of a person in the occupancy of premises without title extends only to the lands actually occupied by him.

2. TRESPASS TO REAL ESTATE—*Right of Action in the Owner of the Fee.*—The right of action for damages resulting from a trespass is in the owner of the fee at the time and is not assigned by a subsequent conveyance of the land.

Faith v. Yocum.

3. Statute of Frauds—*Parol License to Cut Timber.*—If an owner gives a parol license to cut timber on his land it will protect the licensee against the owner and his grantee with notice. It is not within the statute of frauds, for no interest in land is involved.

Memorandum.—Assumpsit for goods sold and delivered. Appeal from the Circuit Court of Sangamon County; the Hon. Jesse J. Phillips, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The opinion states the case.

B. Galligan and Palmer, Shutt & Drennan, attorneys for appellant.

M. U. Woodruff, attorney for appellee.

Mr. Justice Wall delivered the opinion of the Court

The appellee recovered a judgment against the appellant for the sum of seven dollars, for one hundred fence posts sold and delivered.

The defense was that the posts were cut in part on the land of the appellant and that the damages thereby occasioned were equal to the demand sued for.

At the time the alleged trespass was committed, the title to the land was not in the appellant, nor does it appear that he was in possession. He had an equitable title, but no legal title, and had not the actual possession of the land on which the trees were cut. Hence, being without a title, his possession extended only to the land he actually occupied. Davis v. Easly, 13 Ill. 192; Goewey v. Urig, 18 Ill. 238; Fisher v. Bennehoff, 121 Ill. 426.

The right of action for the damages resulting from the trespass was in the owner of the fee at that time and was not assigned by a subsequent conveyance of the land to the appellant. C. & A. R. R. Co. v. Maher, 91 Ill. 312.

But the case was tried upon the theory that the question was whether the owner of the land had given the appellee the right to cut the timber before he conveyed to appellant's grantor, and whether the latter and the appellant had notice of the same before they became interested in the land.

On this point the evidence was conflicting and the jury found for appellees. The trouble grew out of the fact that an old fence was supposed to be the line, and the appellee had bought the right to cut the timber east of the fence. A subsequent survey placed the line east of the trees in question. If the owner gives a parol license to cut timber on his land, it will protect the license against the owner and his grantee with notice. It is not within the statute of frauds, for no interest in land is involved. 3 Kent's Com. 452; Williams v. Flood, 63 Mich. 48; Claflin v. Carpenter, 5 Metc. 580; Parsons v. Smith, 5 Allen, 578.

The court properly instructed the jury. The motion for new trial was mainly pressed because of newly discovered evidence.

The alleged evidence was merely cumulative, not conclusive. The alleged ground of surprise as to the testimony of appellee was not sufficient. The judgment will be affirmed.