WATERMAN HALL

*v.*

ALBERT H. WATERMAN *et al.*

*Opinion filed February 21, 1906—Rehearing denied April 11, 1906.*

1. LIMITATIONS—*possession of one co-tenant may be adverse to the others.* While the possession of land by one co-tenant is not ordinarily adverse to the others, yet if the possession is of such a character as to give notice to the others that their title is not acknowledged then the possession of the one is adverse to the others.

2. SAME—*when possession by grantee of co-tenant is adverse to others.* An entry by the grantee of one tenant in common under a conveyance purporting to convey the whole estate, not acknowledging the right of any other person in the land, amounts to an ouster of the other co-tenants, and the possession is adverse to them.

3. SAME—*quit-claim deed is color of title.* A quit-claim deed purporting to convey only the interest of the grantors is not color of title for anything more than the grantors' interest; but a quit-claim deed purporting to convey the entire title to the land, executed by the grantors as executors and trustees under a will and in execution of a power to convey the whole title, is as much color of title as a warranty deed.

4. SAME—*rule as to application of Statute of Limitations in case of a trust estate.* As between the trustee and the *cestuis que trustent,* lapse of time does not bar the trust estate, but as between the trust estate and a stranger the Statute of Limitations runs as in other cases, and if the bar of the statute is complete in his favor as against the trustee it is complete as against the *cestuis que trustent.*

5. SAME—*when beneficiaries of trust are barred though under a disability.* Beneficiaries of a trust, even though, as remaindermen, they have no immediate right of entry in their own names,

may compel the trustee to make entry for their benefit, and have a remedy under the statute against the trustee if he negligently permits the Statute of Limitations to run against the estate, and hence if the trustee's right of entry is barred by the statute the beneficiaries are barred.

6. SAME—*person's possession is notice to all the world.* The possession of one claiming exclusive ownership of the land is notice to all the world of his claim to possession, and if other persons do not learn of their claim to possession until after the Statute of Limitations has run, it is their own neglect and inattention, from which they can claim no immunity.

7. SAME—*state of title as shown by record is immaterial.* The purpose of the Statute of Limitations is to protect one who brings himself within its provisions against the paramount title, and if one has color of title acquired in good faith he need not trace it to its source to ascertain whether it is apparently free from defects, and as to him it is immaterial what the state of the title may be as shown by the record.

WILKIN, J., dissenting.

APPEAL from the Circuit Court of DeKalb county; the Hon. HENRY B. WILLIS, Judge, presiding.

CARNES, DUNTON & FAISSLER, for appellant.

JONES & ROGERS, and W. C. KELLUM, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 29, 1902, appellees filed their bill in this case in the circuit court of DeKalb county, claiming title to an undivided one-half of eighty acres of land in said county as devisees of James S. Waterman, deceased, and alleging that appellant, Waterman Hall, a corporation, which was made defendant, owned the other undivided one-half as devisee under the will of Abbie L. Waterman and by virtue of a conveyance from the executors of said will, and that appellant had been in possession of the whole of the tract of land since June 1, 1888, and had received the rents, issues and profits. The bill prayed for partition and for an accounting

for said rents and profits. Appellant answered, denying the ownership of James S. Waterman, averring that Abbie L. Waterman owned the land in her lifetime, and was in the actual, open, visible and notorious possession thereof, claiming to be the owner in fee simple, from the death of her husband, on July 18, 1883, until her death, on March 25, 1888; that she and her executors paid all taxes on the land up to the time of the conveyance to appellant, and that thereafter appellant had been in possession under claim and color of title and had paid all taxes; and appellant claimed the benefit of the seven years statute of limitations. Upon a hearing the court found that appellant was the owner of the undivided one-half of the tract and appellees were the owners of the other undivided one-half, and entered a decree for partition.

On November 18, 1853, the land in question was owned by James S. Waterman, and on that day he conveyed it to Abbie L. Cushman, his intended wife, for the expressed consideration of $500. On January 8, 1854, James S. Waterman and Abbie L. Cushman were married, and on October 18, 1859, they conveyed the land, with a one-acre tract of timber, to Stephen A. Bemis for $2600, the whole of which was secured by notes and a mortgage payable to James S. Waterman. On November 18, 1864, before the maturity of the mortgage, Bemis and wife re-conveyed the premises to James S. Waterman for the same consideration of $2600, and the mortgage was released of record. From 1859 to 1883 James S. Waterman and wife lived on a farm of five hundred and forty acres, which included this tract. All of the land was managed as one farm by James S. Waterman. A tract of sixty acres included in the farm was known as the homestead. Four hundred acres were known as the home farm, and this tract was usually called "Abbie's eighty." Other tracts included in the farm were also designated by the names of other persons from whom they had been purchased, but none of the names indicated possession or ownership. On October 6, 1877, James S. Waterman conveyed

the homestead tract to his wife, Abbie L. Waterman, through a third person, but neither those deeds nor the one to Abbie L. Cushman was put on record. James S. Waterman died July 18, 1883, leaving a will, in which he named two persons as executors and testamentary trustees, and, after making provision for his widow, gave to the trustees the residue of his estate for a period of twenty-one years after his death, in trust for his brothers and sisters, and at the expiration of the trust the property was given to said brothers and sisters, their heirs and assigns forever, the child or children of any deceased brother or sister to take the same share as the father or mother would have taken if living, and in case of the death of any of them without issue, the share such brother or sister would have taken was to be divided among the surviving brothers and sisters. The executors filed an inventory of his estate, which did not include this eighty-acre tract. The widow, Abbie L. Waterman, renounced the benefits of the will, and the deeds transferring the homestead tract and the deed to her under the name of Abbie L. Cushman were put on record by her in September, 1883. She had possession of this tract at all times after her husband's death, paid all taxes on it, built a hay barn on it, and treated it in all respects as her own. On November 7, 1883, she filed her bill for partition of all the lands of James S. Waterman, deceased, making the trustees and the living beneficiaries under the will parties defendant. This tract was not included in the partition and until the filing of this bill her ownership was not questioned. She died March 25, 1888, leaving a will, by which she gave to her executors a large amount of lands, including this tract, with directions to convey the lands to a corporation to be organized under the name of Waterman Hall. The defendant was organized as such corporation, and the executors, who had possession of this tract, conveyed it, with the other real estate, as executors of the will, to defendant. This tract was devised with the home farm under the following description: "Together with the

adjoining eighty acres which stand in my maiden name of Abbie L. Cushman." The conveyance to defendant was made by the executors in terms as executors and trustees of the estate of Abbie L. Waterman, deceased, and by it they conveyed and quit-claimed all interest in the real estate therein described to the defendant.

The defendant had been in the open, notorious and exclusive possession of the tract of land in question for more than thirteen years before the bill was filed, claiming the absolute title under the will of Abbie L. Waterman and the conveyance by the executors and trustees as directed by said will, and during all that time had appropriated the rents and profits and paid the taxes, so that its defense under the Statute of Limitations of seven years was perfect, unless it is not entitled to avail itself of the benefits of that statute.

It is first contended that the provisions of the statute are not applicable in this case for the reason that by the renunciation of Abbie L. Waterman she became the owner of an undivided one-half of the tract and a tenant in common with the owners of the other undivided one-half, and therefore her possession was not adverse to them. In nearly all cases the possession of one tenant in common is not adverse to a co-tenant, and one who enters under the common title holds possession for the benefit of all. But one tenant in common is not incapable of holding adversely to his co-tenant. The presumption must be overcome, and stronger evidence is required to prove an adverse holding by a tenant in common than by a stranger. The possession of one tenant in common is adverse to a co-tenant where it is of such a character as to give notice to the co-tenant that his title is not acknowledged and that the possession is adverse to him. Where one tenant in common takes actual and exclusive possession of the entire estate, with such outward acts of exclusive ownership as give notice that an adverse possession is intended, the possession amounts to a disseizin of the co-tenant and is adverse. (*Lavalle* v. *Strobel,* 89 Ill. 370; *Lit-*

*tlejohn* v. *Barnes,* 138 id. 478; *Kotz* v. *Belz,* 178 id. 434; 1 Cyc. 1077.) An entry by the grantee of one tenant in common under a conveyance which purports to convey the whole estate, not acknowledging the right of any other person in the land, amounts to an ouster of co-tenants and the possession of the grantee is adverse as to them. (*Goewey* v. *Urig,* 18 Ill. 238; 1 Am. & Eng. Ency. of Law,—2d ed.—806.) There is no doubt that the possession of Abbie L. Waterman and defendant was adverse to all the world, and defendant entered under the will and conveyance which purported to transfer the whole estate. Even if Abbie L. Waterman was a tenant in common, the possession of defendant was under a will and conveyance purporting to convey the whole estate, and not an undivided part, and its possession was adverse to complainants.

It is next contended that defendant did not have color of title. The will described the tract of land in connection with the home farm, as the adjoining tract of eighty acres which stood in the maiden name of the testatrix. It was not described as land of which she had the legal title, and there was a deed of the tract on record made to her by her maiden name. The will furnished the means of identifying the tract, and the description was sufficient. The deed made by the executors and trustees in pursuance of the will described the land particularly and correctly.

But counsel say that it was not color of title because it was a quit-claim deed. A warranty deed and a quit-claim deed both purport to accomplish the same thing and have the same effect in transferring title. The covenants of a warranty deed do not pass the title but create a liability, and a quit-claim deed which purports to convey the property is as good color of title as a warranty deed. (*Holloway* v. *Clark,* 27 Ill. 483; *Winslow* v. *Cooper,* 104 id. 235.) The grantee in such a deed is not required to see that it passes paramount title before he can rely upon it as color of title, because if that were so he would have no occasion to rely on the statute.

It is true that a quit-claim deed which conveys only the right, title and interest of the grantor in the property limits the estate to such right and interest as the grantor may have, and if the grantor is a tenant in common, the deed is not color of title for anything more than his interest. But the deed in this case was not of that kind. It did not purport to convey the right, title and interest of the grantors in the property, but conveyed all interest in the tract, which has a broader signification than all the right, title and interest of the grantors. (*Glos* v. *Furman,* 164 Ill. 585.) It was made by the grantors as executors and trustees under the will and in execution of a power to convey the whole title.

The next proposition of counsel is, that the possession of the defendant did not avail anything under the statute because by the will of James S. Waterman a trust was created for twenty-one years with remainder to complainants, and the possession did not become adverse as to them until the termination of the trust. The trust existed up to about three years before the bill was filed, when it was brought to an end before the termination of the period for which it was created, but so far as the trust estate is concerned the statute ran against the estate the same as though there had been no trust. As between the trustee and the *cestui que trust,* lapse of time does not bar a trust estate, but to exempt the estate from the bar of the statute the question must arise beween them. (*Hayward* v. *Gunn,* 82 Ill. 385.) Where the trustee and the *cestui que trust* are both out of possession for the time limited by the statute, the party in possession has a good bar against them both. (1 Am. & Eng. Ency. of Law,—2d ed. —814; 1 Cyc. 1068.) As between the trust estate and a stranger the Statute of Limitations runs as in other cases, and if the trustee is barred the *cestui que trust* is equally barred. (19 Am. & Eng. Ency. of Law,—2d ed.—186.) In this case the bar of the statute was complete against the trustees and the beneficiaries, who were also entitled to the estate at the termination of the trust.

The will of James S. Waterman is not contained in the abstract, and if it merely devised his property to the trustees for a term of twenty-one years and gave it to the beneficiaries and their issue at the expiration of that time, the estate limited to take effect after the term of years was not, strictly speaking, a remainder, but rather a present vested estate subject to the chattel interest of the term. In the case of *Illinois Land and Loan Co.* v. *Bonner*, 75 Ill. 315, that rule was stated, and the court quoted from 1 Jarman on Wills, 734, as follows: "Where a testator devises lands to trustees until A shall attain the age of twenty-one years, and if or when he shall attain that age then to him in fee, this is construed as conferring on A a vested estate in fee simple, subject to the prior chattel interest given to the trustees." The law on that subject and the quotation were repeated in *Kingman* v. *Harmon,* 131 Ill. 171.

The existence of the prior term of years does not prevent the first vested estate of freehold from being an estate of freehold in possession, but if the estate of complainants was of that character it was subject to the rights of the trustees, which deprived complainants of the occupation of the land during the term, and perhaps the result would be the same as though it were a technical remainder, since there would be no right to make an entry or bring an action to recover the land until the expiration of the trust. We understand, however, from the argument of counsel for both parties, that the sixth clause of the will empowered the trustees to sell and dispose of the estate at public or private sale at such time or times and upon such terms and in such manner as to them should be deemed for the best interest of the estate, and to invest the proceeds subject to the trust, and therefore the trustees were invested with the full legal title. It must be conceded that said legal estate was completely barred, and we can see no ground for saying that the bar did not apply to the whole estate. It is held that the rule that the *cestui que trust* is barred when the trustee is barred, applies

although the *cestui que trust* is a remainder-man. (1 Cyc. 1069.) A *cestui que trust* is barred as to a trust estate although under a disability, and must seek the remedy which he has against the trustee who has negligently allowed the statute to run. While the beneficiaries under the will had no right of entry in their own name, they had a right at any time to require the trustees to make an entry or bring an action for the recovery of the estate for their benefit. That is so in any view of the nature of the trust or the estate of the trustees, and we see no good ground for saying that the statute does not apply to this case.

The argument that the possession was not adverse because the complainants did not know that they had any title is clearly unsound. The possession of one claiming the exclusive ownership of land is adverse to all the world, and not merely adverse to those who know or claim that they have some title to the property. A person's possession of land is notice to all the world of his claim to possession of the same, and if another person does not learn of his claim to possession until the bar of the Statute of Limitations has attached, it will be his own neglect and inattention, from which he can claim no immunity. (*Conner* v. *Goodman,* 104 Ill. 365.) There was constructive notice of the state of the record title. but one who has color of title acquired in good faith need not trace his title to the source to see whether it is apparently perfect and free from defects. (*Goewey* v. *Urig, supra; Hinchman* v. *Whetstone,* 23 Ill. 108.) So far as defendant is concerned, it is entirely immaterial what the state of the title may be as shown by the record. The purpose of the Statute of Limitations is to protect one who brings himself within its provisions, against the paramount title.

The decree is reversed and the cause is remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded.*

Mr. JUSTICE WILKIN, dissenting.