---

(No. 12169.—Reversed and remanded.)
PERMELIA HUGHES, Appellee, *vs.* ETTA P. HALL, Appellant.

*Opinion filed October 21, 1918.*

1. LIMITATIONS—*when possession of co-tenant is adverse.* Possession by one tenant in common is adverse to the others where it is of such a character as to give notice to the others that their title is disputed and that the one in possession claims the whole title.

2. SAME—*what constitutes notice of adverse claim.* Where a testator devises a tract of land to his grandchild at the death or re-marriage of the widow, and the grandchild and the widow live together on the land until the re-marriage of the widow, notice by the grandchild to the widow that she has no longer any right to remain on the place, in response to which the widow moves away, leaving the grandchild in possession, is notice of the grandchild's adverse claim of title.

3. SAME—*a will purporting to devise whole interest in tract of land is color of title.* A will purporting to devise the whole interest in a tract of land, and not merely a one-half interest, is color of title to the whole interest, and if there is no bad faith and the

devisee takes possession and holds the same adversely under notice of such claim of title for more than seven consecutive years, receiving all profits and paying all taxes on the land, she will acquire title by limitation to the whole interest in the land.

APPEAL from the Circuit Court of Hamilton county; the Hon. JULIUS C. KERN, Judge, presiding.

RICHARD L. BOGGS, and HARRY ANDERSON, (CARROLL C. BOGGS, of counsel,) for appellant.

J. H. LANE, and CREIGHTON & THOMAS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee, Permelia Hughes, filed her bill in the circuit court of Hamilton county seeking the partition of 66 acres of land described, claiming to be the owner of a one-half interest therein. Appellee was the widow of Thomas D. Shorb, who died testate December 1, 1895. At the time of testator's death he owned about $1300 in personal property, 50 acres of land in his own name, and he and appellee owned 120 acres as tenants in common, which included the 66 acres here involved. Testator left surviving him his widow, (the appellee,) a son, a step-son and a grand-daughter, Etta P. Lane, (the appellant,) the child of a deceased daughter. By his will he devised personal property amounting to about $680 to his widow in lieu of dower, personal property amounting to about $125 to his grand-daughter, appellant here, and the remainder of his personal property, amounting to about $500, to his son and step-son, share and share alike. The second clause of the will reads as follows:

"*Second*—I give and devise to my grand-daughter, Etta P. Lane, her heirs and assigns, all that tract or parcel of land situated and described as follows, at the death or marriage of my beloved wife, Permelia Shorb: The southeast fourth of the southeast quarter section No. twenty-two

(22), and the west half of the southwest fourth of the southwest quarter of section twenty-three (23), and eight rods off of the north end of the west half of the northwest fourth of the northwest quarter of section twenty-six (26), and eight rods off the north side of the northeast fourth of the northeast quarter of section twenty-seven (27), all in township No. three (3), south, range No. six (6), east 3d P. M., situated in the county of Hamilton and State of Illinois, containing in all sixty-six (66) acres, more or less. My wife, Permelia Shorb, and my step-son, Thomas D. Shorb, shall control the above described land until my grand-daughter, Etta P. Lane, becomes of age, and if my grand-daughter, Etta P. Lane, dies without issue, said land described shall be divided between my son, Thomas A. Shorb, and my step-son, Thomas D. Shorb, equally between them, share and share alike."

By the fourth clause of his will testator gave the remainder of his real estate to his son and step-son, share and share alike. The widow was named executrix and administered the estate.

After testator's death appellee and appellant continued to live on the land here involved until 1904, when appellant married and moved away. Her husband died soon thereafter and she returned and lived with appellee. Appellant again married in October, 1905, and she and her husband lived with appellee on the land. Appellee married December 24, 1905, and January 1, following, she and her husband left the premises, leaving appellant and her husband in possession. Appellant and her husband lived on the land until the spring of 1916, when they moved to Mill Shoals, renting the farm to a tenant until March, 1917. A few days before March 1 the tenant moved off the premises and appellee took possession of the land. April 26, 1917, appellant served a notice upon appellee to vacate the premises, and appellee filed this bill for partition May 5, following.

The answer of appellant denied appellee had any title to or interest in the land, and averred, in substance, that the testator devised the whole of said 66 acres to appellant subject to appellee's life estate or until her re-marriage; that other provisions were made in the will for appellee which she accepted and that she cannot now claim an interest in the land. The answer further alleges the marriage of appellee in December, 1905; that her estate and right to the land terminated at her marriage; that she surrendered possession to appellant, since which time appellant has been in the possession of the land, has paid all taxes thereon and made lasting and valuable improvements. Appellant also filed a cross-bill, and both in her answer and cross-bill claimed possession and title under color of title made in good faith and payment of taxes legally assessed for more than seven years, and that by virtue of section 6 of the Statute of Limitations she was the owner in fee simple of the premises. The cross-bill prayed that appellant's title be confirmed and that she be declared the sole owner in fee of said land. The cause was heard in open court by the chancellor and a decree entered finding that appellant and appellee each owned an undivided one-half interest in the premises and for partition.

Appellant rests her claim of title to the 66 acres on two grounds: (1) On the equitable rule that where a testator by his will disposes of property belonging to another and by the same will makes a gift of property he does own to the person whose property he devised to someone else, such donee will be required to elect whether he will accept the benefit of the provisions of the will made for him out of the testator's estate and relinquish his property given another, and where the rule applies, if the donee accepts the gift made for his benefit he will be deemed to have elected to abide by the will; (2) by limitation under section 6 of the chapter on limitations, which provides that one in possession under claim and color of title made in good faith for

seven successive years, and payment of all taxes legally assessed during that period, shall be adjudged the legal owner.

In the view we take of the case it will not be necessary to discuss the first ground of appellant's claim of title. If the second ground is good that disposes of the case.

The will devises to the appellant, the testator's granddaughter, at the death or marriage of his widow, "all that tract or parcel of land situated and described as follows, [describing the land,] situated in the county of Hamilton and State of Illinois, containing in all sixty-six (66) acres, more or less." The will purported to devise the whole 66 acres and not the undivided one-half owned by the testator, and whether, the whole will considered, a case was presented within the equitable rule requiring an election, on its face it was color of title. (*Baldwin* v. *Ratcliff*, 125 Ill. 376; *Peabody* v. *Burri*, 255 id. 592; 2 Corpus Juris, 195.) There was no proof of bad faith, and in the absence of such evidence good faith will be presumed. (*Baldwin* v. *Ratcliff, supra.*) The will met the requirements of color of title obtained in good faith. The question then arises, did appellant take possession, under her color of title, of the entire interest in the 66 acres, and was her possession hostile to and adverse to any claim of her co-tenant, if she and the widow were tenants in common, and did the widow have notice of appellant's claim of the entire estate?

The rule is that the possession of one tenant in common will not be deemed adverse to his co-tenants, but it may become so. It is adverse where it is of such a character as to give notice to the co-tenant that his title is disputed and that one in possession claims adversely to him. (*Waterman Hall* v. *Waterman*, 220 Ill. 569.) The evidence discloses that appellant was a member of the testator's family, her mother being dead. After the death of the testator she continued to reside with the widow on the land in controversy until the appellant's marriage, in 1904. Her husband lived but a short time, and she returned in 1905 and lived

with the widow until the widow's marriage, in December of that year. After the widow's marriage appellant told her she had no right to remain on the place. The widow believed that was true and moved away. The widow, who is now Mrs. Hughes, testified the appellant told her, in substance, that she (the widow) had no further interest in the premises, and that she thought that was so; that the deed which had been made to her and her husband was lost, and she thought it had been destroyed by fire when their house burned. The deed was found a short time before Mrs. Hughes took possession of the land, in 1917. The deed to Mrs. Hughes and her husband, the testator, was dated July 23, 1872, and was recorded August 26, 1875. After Mrs. Hughes married and moved from the land, January 1, 1906, appellant lived on and occupied it until the spring of 1916, when she moved a few miles away and rented the place to a tenant until March 1, 1917. The tenant moved away from the premises a few days before March 1, 1917, and Mrs. Hughes thereupon moved in and took possession of the land. It is clear, therefore, that Mrs. Hughes had notice that appellant claimed to own the entire 66 acres under the will of her grandfather, and she testified she thought the appellant's claim was valid until a short time before she moved on the premises, in 1917. During the period appellant was in possession (eleven years) it is not disputed that she received and appropriated the entire proceeds of the land and that she paid all taxes legally assessed against it and made lasting and valuable improvements. Under the decisions in this State, (*Roberts* v. *Cox*, 259 Ill. 232, *Biggins* v. *Dufficy*, 262 id. 26, and many others,) Mrs. Hughes was barred, under the provisions of the statute referred to, from asserting her title against appellant.

The decree of the circuit court is reversed and the cause remanded, with directions to dismiss the original bill and grant the relief prayed in the cross-bill.

*Reversed and remanded, with directions.*