McCamy *vs.* Higdon *et al.*

The Court sustained the affidavit of illegality, and plaintiffs in execution excepted.

POE & HALL, for plaintiffs in error.

J. RUTHERFORD, for defendant.

---

ROBERT J. McCAMY, administrator, plaintiff in error, *vs.* SAMUEL HIGDON *et al.*, defendants in error.

1. A deed purporting upon its face to have been made by the guardian of a minor, under the authority of a decree of the Superior Court, is inadmissible in evidence without the production of said decree.
2. The fact that the prescriptive title sought to be established is based upon a quit-claim deed, as color of title, does not of itself negative the presumption of good faith.
3. Where the evidence disclosed that the defendants' vendor was a mere squatter, and had no title to the land in controversy; that the defendants had knowledge of this fact before and at the time of the execution of the deed to them, and before and at the time of the commencement of their possession of the land under it, then no prescription could have been based thereon.

Evidence. Deed. Prescription. Before Judge KNIGHT. Fannin Superior Court. May Term, 1873.

As a part of the plaintiff's claim of title, he tendered in evidence a quit-claim deed to an undivided fourth interest in the property in dispute, executed on January 2d, 1855, by Daniel P. Barnard, as guardian of Charlotte E. K. Prindle, reciting upon its face to have been made in pursuance of the

McCamy vs. Higdon et al.

provisions .of a decree rendered at "the last October term" of Whitfield Superior Court, to Samuel M. Street, plaintiff's intestate.

This deed was objected to, upon the ground that the decree under which it was executed had not been produced. The objection was sustained, and plaintiff excepted.

The remaining facts are set forth in the decision.

E. W. CHASTAIN; C. J. WELLBORN, by R. J. McCAMY, for plaintiff in error.

J. A. JERVIS; THOMAS F. GREER; W. T. DAY, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants, under the provisions of the statute, to recover the possession of lot of land number one hundred and ninety, in the ninth district of Fannin county. On the trial of the case, the jury, under the charge of the Court, found a verdict for the defendants. A motion was made for a new trial, on the several grounds contained therein, which was overruled by the Court, and the plaintiff excepted.

There were only two grounds of error seriously urged before this Court, embraced in the motion: First, as to requiring the production of the decree of the Superior Court of Whitfield county, which was recited in one of the plaintiff's deeds, ordering a sale of the land; and, second, as to the qualification of the charge, as requested by the plaintiff, in view of the facts of the case.

1. There was no error in requiring the production of the decree under which the land was ordered to be sold. The recital thereof in the deed did not dispense with its production at the trial.

2. The defendants purchased the lot of land from Millsaps, who made to them a quit-claim deed, under which the defendants went into possession of the land, claiming it as their

McCamy *vs.* Higdon *et al.*

own, and had been in possession thereof more than seven years next before the commencement of the plaintiff's action. The plaintiff requested the Court to charge the jury, "Where the defendants rely on a quit-claim deed as a color of title, they must show by proof that they bought in good faith, claiming the whole lot, and believing that they were getting a good title. The presumption of good faith does not arise where the color of title is a quit-claim deed, but the presumption is, that they knew they were getting only what they actually got." The Court gave this request in charge to the jury, with the following addition; "that if the defendants bought from one in adverse possession of the land, and had held it for over seven years under color of title, the jury should find for the defendants." In view of the evidence disclosed in the record, there was no error in the charge of the Court of which the plaintiff has a right to complain. If the defendants purchased the land in good faith from Millsaps, and took from him a deed conveying the land to them without warranty, that circumstance alone would not negative the presumption of good faith, and the Court properly gave the additional charge. Adverse possession of lands, under written evidence of title for seven years, shall give a title by prescription. But if such written title be forged or fraudulent, and notice thereof be brought home to the claimant before or at the time of the commencement of his possession, no prescription can be based thereon: Code, section 2641. A deed without warranty, as in this case, is written evidence of title, and in the absence of proof to the contrary, the presumption is, that the party claiming possession under it does so in good faith.

3. But if the evidence had shown that Millsaps, from whom the defendants purchased, was a mere squatter on the land, and had no other title to it, and that the defendants had knowledge of that fact before and at the time of the execution of his deed to them, and before and at the time of the commencement of their possession of the land under it, then no prescription could have been based thereon, for the reason

that they would have had no better prescriptive title as against the true owner of the land than the squatter from whom they purchased it.　If the squatter's written title to the land be forged, or fraudulent, and notice thereof be brought home to the claimant who has purchased from him before or at the time of the commencement of his possession, no prescription as against the true owner of the land can be based thereon, under the statute.　There was no error in overruling the motion for a new trial, on the statement of facts disclosed in the record.

Let the judgment of the Court below be affirmed.