COOK *vs.* WINTER *et al.*

[Crawford, Justice, being disqualified did not preside in this case.]

1. Where deeds purported to convey certain lands in Alabama, and also "the buildings, outhouses, water courses, water privileges and advantages to said land belonging, or which the said Rock Island Company may have acquired from the state of Georgia ;" and where it appeared from the parol testimony that for three years the Rock Island Company had been in possession of the Alabama land so conveyed, which extended into the Chattahoochee river between

Georgia and Alabama, and also of the dam extending from the western bank of the river to the factory, and were manufacturing paper thereat, such deeds were at least admissible as color of title, though the mill itself was in the river, and most of the property in Georgia.

(*a.*) Of course if objection was withdrawn to their admission, no exception can be taken thereto.

2. A prescriptive title was shown in this case, and the finding of the court, presiding without a jury, was right.

Evidence. Title. Deed. New Trial. Before Judge WILLIS. Muscogee Superior Court. May Term, 1881.

Reported in the decision.

PORTER INGRAM; JAMES M. SMITH, for plaintiff in error.

BLANDFORD & GARRARD; R. J. MOSES, for defendants.

SPEER, Justice.

An action of ejectment was brought by the defendant in error on the several demises of Josiah Morris and John G. Winter against Richard Roe, casual ejector, and James C. Cook, as tenant in possession, to recover a parcel of land, with the appurtenances, lying and being in the county of Muscogee and state of Georgia, known as the site of the Rock Island Paper Mills, the dam and all the power, rights, privileges, appurtenances and property of said Rock Island Paper Mills in the Chattahoochee river to high-water mark on the western side of said river, together with the island in said river known as Rock Island, being the island to which the Rock Island Paper Mills extended its dam from the factory site on the Alabama shore, said island being the first island below island number 27, containing four acres.

To this action the defendant, Cook, filed a plea of the general issue. When the case was called for trial, by agreement of counsel, it was consented that the cause

should be tried before his honor J. T. Willis, the judge presiding, both upon the law and facts without the intervention of a jury, with the right of either party to except and to move for a new trial as if the said case were tried in the usual way. On hearing the evidence and after argument had, the judge rendered a judgment finding in favor of the plaintiff in ejectment the premises in dispute. Whereupon the defendant below made a motion for new trial on various grounds ; it was overruled, and he excepted and assigned the same as error.

(1.) The first ground of alleged error is that the court erred when plaintiff offered to read in evidence the deed made by R. J. Moses and H. Hull to R. L. Mott. The defendant objected to the same upon the ground that it was not pertinent to the issue, and among other grounds, that it purported to convey lands in Alabama and on the Chattahoochee river and could convey no title east, and beyond high-water mark on said river, which objection was overruled by the court.

(2.) Because the court erred in admitting in evidence the deed from R. L. Mott and wife to the Rock Island Paper Mills for the same premises, over the objection of defendant.

(3.) Because the court erred in deciding that plaintiff had acquired title to the premises by prescription.

(4.) Because the finding and judgment of the court was contrary to law.

(5.) Because the finding and judgment of the court was without evidence and against the weight of evidence.

We may properly consider the first and second grounds of the motion as one, as both deeds objected to, according to the view taken by plaintiff in error, were inadmissible for the same reason, to-wit, because they were irrelevant. These deeds were not only offered as evidence of the title to the premises in dispute, but as color of title, to support the prescription set up by plaintiff below. We think, under this view, the deeds at least were admissible. The deed from Moses and Hull, as trustees, not only pur-

ports to convey to R. L. Mott the section of land lying in Russell county, state of Alabama, but also all and singular the buildings, out-houses, water-courses, water privileges and advantages to said land belonging, or which the said Rock Island Company may have acquired from the state of Georgia. It is evident that these water privileges could not be fairly construed as being limited to lands lying in the state of Alabama, for this state could grant no privilege within a foreign jurisdiction ; and especially were these deeds admissible when it was proved that, at the time the deed was made and for three years before, the Rock Island Company was in possession of the Alabama land conveyed in the deed of that company, which was in the river, and the dam that runs from the Rock Island Factory to the western bank of the river and from the mill to the Rock Island property called Rock Island, and that the company were manufacturing paper at the time ; that the company had bonds out, and that Moses and Hull were appointed trustees to sell it. If there was any ambiguity as to the property conveyed by these deeds, this evidence explains it, and as such they were admissible in evidence for the purposes for which they were offered. It appears, further, from the record, that when this parol evidence was given in, all objections to the admissibility of the deed was withdrawn and the deed was then read.

2. The third ground of error assigned is on the ground that the court erred in deciding "that plaintiff had acquired title to the premises by prescription."

The evidence showed that the Rock Island Company was in possession of the premises sued for three years prior to June, 1849, and that Moses and Hull, as trustees of that company, made a deed of the premises to R. L. Mott, who entered under it in 1855, and in 1856 he conveyed to the "Rock Island Paper Mill Company," and that this company remained in possession until the mill was burned, in April, 1865. Subsequently it appears that a

judgment was rendered against the Rock Island Paper Mill Company, in April, 1868, and under a *fi. fa.* issued thereon a levy was made upon the premises in dispute, including Rock Island, the site of the mill, with all the appurtenances and water-power on the river, and the same, in July, 1869, was sold by the sheriff at public outcry, and bid off by Josiah Morris, and a deed to Morris for the property was, by the sheriff, made in April, 1869. Under this evidence, we think an adverse, uninterrupted, continued and peaceable possession was shown, under color of title, from 1855 to 1865, a period of ten years, and counting out the period of the statutory suspension, leaves nearly nine years of adverse possession under color of title, had the plaintiffs gone no further. Other witnesses show the possession commenced between 1843 and 1848. Counting from the mean of these respective dates and the prescription would run from October, 1847, to April, 1865, a period of nearly eighteen years. If to this be added the possession after the burning until the sale by the sheriff, in 1869, it makes a period of more than twenty years.

As to the fourth and fifth grounds of error, they are disposed of by overruling the third ground.

The plaintiff sued to recover, relying on his title by prescription, and we think the action is fully sustained by the proof, both by a prescription of seven years under color of title and also the twenty years' adverse possession under the statute. Whatever may, therefore, have been the merits of the defence, as appears from the record, under the evidence, we cannot see how it can avail as against the title of the plaintiff, accruing from the lapse of time that has run in his favor. There is no evidence of abandonment of the property that would bar the plaintiff's right to recover upon his prescription. The property was not habitable, or fit for use except for manufacturing purposes, and we are not inclined to think the mere omission to rebuild either the buildings destroyed or use

the dam, can be construed into an abandonment of a property that the plaintiff, and those under whom he held, had been in the public, continuous, exclusive, uninterrupted and peaceable possession of, under a claim of right, for more than twenty years.

Let the judgment of the court below be affirmed.