## TUMLIN *et al. v.* PERRY.

1. When a party has gone into possession of certain lands under bond for titles, the fact that such bond does not sufficiently describe the land to locate it definitely and exactly does not render such bond inadmissible in evidence as color of title. When there is any ambiguity in the bond in its description of the premises conveyed, parol evidence is admissible to explain such ambiguity.
2. The bond in this case, construed in connection with the parol evidence, was sufficient as color of title to support a prescriptive title to the premises in dispute.
3. There being no error of law committed on the trial, and the evidence being amply sufficient to sustain the verdict, the judge did not err in overruling the motion for a new trial.

Argued June 14,— Decided July 26, 1899.

Complaint for land. Before Judge Gober. Cherokee superior court. September term, 1898.

. *P. P. Dupre, C. W. Underwood,* and *Rowell & Rowell,* for plaintiffs. *Teasley & Hutcherson, Hoke Smith & H. C. Peeples,* for defendants.

SIMMONS, C. J. The plaintiffs in the court below, the plaintiffs in error here, brought an action of complaint for land against Perry. The latter pleaded title by prescription. The plaintiffs relied upon the will of their grandfather, in which he devised to his daughter, the mother of the plaintiffs, certain lots of land for life, and after her death to her children. The testator died in 1873, and his daughter in 1880. Her husband seems to have taken possession and control of the land after the death of his wife, and in 1890 he sold the land now in dispute to Perry, giving him a bond for titles. At the trial of the case Perry offered this bond in evidence as color of title. It was ,objected to by the plaintiffs, on the ground that the description of the land was not sufficiently definite to identify the land. The court overruled .the objection and admitted the bond as color of title, to which the plaintiffs excepted. This ruling is made one of the grounds of their motion for new trial, and is the decisive question in the case as presented by the record. If the bond was admissible and the ambiguity therein . was sufficiently explained by the extrinsic evidence, Perry had undoubtedly a good prescriptive title,, as he had been in possession of the land for more than seven years before this action was commenced, and there was no disability on the part of the plaintiffs to prevent their bringing their action at any time during his possession. They were all of age at the time of their mother's death. The descriptive part of the bond for titles, in so far as it is here material, reads as follows : " good and sufficient warranty title in fee simple (except in the minerals and privileges of working for minerals) to the following lands, to wit, all the lands which James Knox and now lying on the road from the town of Canton, in said county, to Orange, about six miles and one quarter east of Canton, it being in the third district and 2d section of said county, all in one body, containing several lots and parts of lots, also, adjoining. to said tract of land, a place known as the Erwin-Henderson place, one lot and part of another, and others," etc. There was quite a difference

of opinion in the court below as to whether the first part of the description should be read "all the lands which James Knox *and* now lying" etc., or "all the lands which James Knox *owned* now lying," etc.  A photographic copy of the bond was made and is part of the record, and the disputed word appears to us, after a careful examination through a strong lens, to be "and," although the scrivener who wrote the bond testified that the word was "owned."  Whether it be the one or the other does not, we think, make any difference in the case.  In extreme cases of ambiguity, where the instrument as it stands is without meaning, courts will supply words.  Civil Code, § 3675 (5).  Even if the word in the bond should be read as "and," the sentence would be meaningless, and the court will supply the proper reading.  Taking the word as "and," it is very evident that a word has been omitted between it and the next preceding one, and, in view of the testimony, we think that the word to be supplied to complete the sense is "owned," so as to make the bond read: "All the lands which James Knox owned and now lying on the road," etc.  James Knox was shown to have owned these lands.  He was the testator who devised them to his daughter, Mrs. Dickerson.  With the word "owned" either read or construed into the bond, and the fact that James Knox was the testator, the description in his will, which was put in evidence by the plaintiffs, can be looked to as a means of identifying the lands referred to in the bond for titles.  The bond further describes the lands by giving their distance from the town of Canton, the district and the section of the county, and by stating that they were all in one body, containing several lots and parts of lots.  It also states that one of the parcels sold was known as the Erwin-Henderson place.

The description is certainly neither clear nor definite, but the uncertainty is not so great that the description can not be made certain by extrinsic evidence.  Taking together the description in the bond and the extrinsic evidence introduced for the purpose of identifying the lands, we think that the land could be definitely located.  Certainly the bond was admissible as color of title.  We have the will above alluded to, in which the numbers of the lots and the districts of the county

are given; the parol testimony which shows that James Knox was the testator and devised these lands to his daughter, Mrs. Dickerson, which shows with sufficient certainty the land purchased by Perry from Dickerson, and which also shows that Perry went into possession of all these lands under the bond for titles and had been in possession more than seven years before the commencement of this suit; and the bond for titles itself, with the description above set out. "A deed is not to be held void for uncertainty because the boundaries are not fully expressed, when by reasonable intendment it can be ascertained what was considered and understood by both parties to be embraced, and intended to be embraced, in the description." Com. *v.* Roxbury, 9 Gray, 490; *Ray* v. *Pease*, 95 *Ga.* 153, 170. If this is true as to a deed, it is a fortiori true as to a bond for titles when offered in evidence as color of title only. In the case of *Burdell* v. *Blain*, 66 *Ga.* 169, we have looked at the original record in the clerk's office, and find that the bond for titles described the land sold as follows: "The whole of either of the following blocks, situated in the city of Brunswick, State of Georgia, to wit, [naming three numbers as those of blocks] each of said blocks containing six lots, said blocks being 90x180 feet, said blocks constituting part of the homestead laid off by the ordinary of Bibb county." This description was certainly as vague and indefinite as it was possible to make one, and yet this court held that the bond was admissible in evidence as color of title. Crawford, J., delivering the opinion of the court, said: "A color of title is anything in writing which serves to define the extent and character of the claim to the land, with parties from whom it may come, and to whom it may be made." The bond now under consideration does define the extent and character of the claim made by Perry to the land, the parties from whom it came, and the party to whom it was made. Dickerson was the obligor and Perry the obligee. Dickerson sold to Perry all the land which had been owned by James Knox in a certain section and district of a certain county, making an attempt to give a general description of the land. Dickerson seems to have known what he was selling, and Perry what he was buying. Dickerson yielded possession and Perry

entered upon the land now sued for, and remained in posses-sion, under this bond for titles, for more than seven years before this action was brought. The bond was introduced in evidence and was shown to refer to the premises in dispute. Both par-ties understood the character and extent of the trade. See *Etowah Mining Co.* v. *Parker*, 73 *Ga.* 51; *Imboden* v. *Mining Co.*, 70 *Ga.* 86, headnote 6 (a), and 11th and 12th grounds of motion for new trial. The admissibility in evidence of the bond for titles was, as before remarked, the controlling question in the case. There were other points made in the record, but none of them was such as to change the result after a determi-nation that the bond was admissible. Under the ruling herein made as to the admissibility of the bond in evidence as color of title, the evidence demanded the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concurring.*