## WOODING *et al.* v. BLANTON *et al.*

1. The letter relied upon by the defendant was good color of title to the premises in dispute, in favor of the person to whom it was addressed, under whom the real defendant claimed title.
2. This document was admissible in evidence in connection with the testimony applying it to the lot in dispute, and its execution was duly proved.
3. The action being joint, and it clearly appearing that the defendants had a good prescriptive title against one of the plaintiffs, there could be no recovery against the defendants, even if as to the other plaintiff they did not have such title.

Argued December 7, — Decided December 21, 1900.

Ejectment. Before Judge Sheffield. Colquitt superior court. January 25, 1900.

*I. A. Bush & Sons,* and *Covington & Smithwick,* for plaintiffs.

*J. A. Wilkes, W. S. Humphreys,* and *Pearsall & Shipp,* for defendants.

LEWIS, J. This was an ejectment suit in fictitious form, brought jointly by John L. Wooding and Augusta L. Altman against M. M. Blanton, M. C. Harrell, M. D. Allen, A. B. Peters, and J. M. Scott. The real defendant seems to have been Mrs. M. C. Harrell. She filed an answer, in which she denied that she was guilty of the trespass charged in the ejectment suit, but alleged that she and those under whom she claimed had been in possession under written color of title in their own right, and not in the right of another, and that said right did not originate in fraud, and that said possession had been continuous, exclusive, uninterrupted, peaceable, and accompanied by a claim of right, for more than twelve years before the filing of the suit. The jury returned a verdict in favor of the

defendant; whereupon plaintiffs moved for a new trial, and except to the judgment of the court overruling their motion.

1. One ground of the motion was that the court erred in allowing the defendant to introduce in evidence, over objection of plaintiff's counsel, a certain letter, a copy of which is as follows:

"Valdosta, Ga., Feb. 8th, 1882.

"Mr. Franklin Nelson, Moultrie, Colquitt County, Ga.

"Dear Sir: In looking over my papers some time ago, I came up with the Commissioners' deed to two (2) town lots in the town of Moultrie, which I enclose you, No. 4 & 5, in Block 'E.' One of the two I sold to Col. Savage before the war, which must have been next to the place he settled. I the other, I herewith surrender any rights and title therein to yourself or wife, just as you may choose. I herewith enclose a deed to you, hoping it may reach you safely, find you and family all well; and please give them my best respects.        Yours Most Respefty, Benj. L. Wooding."

The objection made to its introduction was, that same is not color of title, because there is no particular grantee, and no grantor; and it gives no description of property to be conveyed, and has no consideration, nor apt words for its conveyance of any particular land; nor designates any specified interest in lands, nor describes any land with certainty. In the light of the testimony explanatory of that letter, it was not open to the objection made by counsel for plaintiffs to its introduction. The lot was distinctly fixed that he intended to convey to Franklin Nelson, or his wife, just as he might choose; and it was clearly good as color of title, having been followed by possession of the defendant, and those under whom she claimed, the requisite length of time to ripen into a prescriptive title. There was, therefore, no error in admitting it in evidence.

2. Another ground in the motion for a new trial is, that the court erred in charging the jury "that the letter introduced by the defendant in this case is a 'color of title' under the laws of Georgia, provided defendant held the land to himself under it in good faith, believing it conveyed the right to the land." It is not stated in the motion why this charge of the court was error. The document was clearly admissible in evidence, and, taken in connection with the other testimony, its application to the lot in dispute was manifest; and its execution was duly proved. Under the testimony in the case, there was no error in this charge of the court.

3. The abstract of title under which the plaintiffs claimed was: Deed from John Gregory, James W. Getty, Abraham Strickland, and Nathaniel Giles, justices of the inferior court of Colquitt county, Ga., to Ben. L. Wooding, to lots of land in the town of Moultrie, Ga., distinguished in the plan of survey of said town as lots Nos. 4 and 5 in Block "E," consideration $————, and dated July 2, 1856, duly witnessed, and recorded in Colquitt county records, February 8, 1882. Plaintiffs claimed the land as the sole heirs of Ben. L. Wooding, and by inheritance. It appears from the testimony that Benj. L. Wooding was the father of plaintiffs, and that they were the two heirs who survived him. It seems that the color of title above was written by the owner of the property, on February 8, 1882. Under this color of title possession of the vacant land was given to Franklin Nelson, and Benj. L. Wooding lived about four years after thus parting with the property. Therefore the prescriptive title ran about four years during the lifetime of the grantor. It appears that in July, 1898, John L. Wooding was in his twenty-ninth year, and when the suit was filed in December, 1895, he was then over twenty-six years of age. He had then reached his majority over five years while the defendants, and those under whom they claimed, were in possession of the property. Attaching this to their possession during the lifetime of the grantor, their title, as against this plaintiff, John L. Wooding, ripens into a perfect prescriptive one. Besides this, it appears from the uncontradicted testimony that, after possession was delivered by the original owner of this land, improvements were placed on it to the amount of $3,-500, on the faith of Benj. L. Wooding having parted with his title to it. We are inclined to think that this creates a complete equitable title to the property in the defendants. M. M. Blanton, it seems, bought the property from Franklin Nelson, and Mrs. M. C. Harrell bought from M. M. Blanton. Blanton testified that he took possession in 1881 or 1882; that after he bought from Nelson he cultivated a garden on it for the first year or two, and later he lived on the lot; that at the time of the trial there were improvements on it to the amount of $3,500; that he gave only $25 for it, and the lot was not worth exceeding $250 outside of the improvements; that he held possession of it continuously, in good faith and in his own right, and got his deed from Nelson.

Error is also alleged in the following charge: "I charge you, . .

from the facts under the evidence in this case, that John L. Wooding is not entitled to recover, and you should only consider the claim of Mrs. Altman." This charge was erroneous, because it in effect gave Mrs. Altman a chance to recover, which we will now show she could not do, under the evidence. Counsel for plaintiffs in error seem to concede that the title of defendants had ripened into a perfect prescriptive title as against John L. Wooding. Therefore he was barred from a recovery. We do not think it necessary to decide the question as to whether or not the expenditure made in the way of improvements on the place gave a complete equitable title to the defendants. We are inclined to think that it did. But it will be seen that this is a joint suit by John L. Wooding and Mrs. Altman; and even if it be true that the prescriptive title did not run a sufficient length of time to bind Mrs. Altman, she can not recover, inasmuch as, as to the other joint plaintiff, the defendants had a perfect title. See *McGlamory* v. *McCormick*, 99 *Ga.* 148, and cases cited. The trial judge did not err in overruling the motion for a new trial.

> *Judgment affirmed. All the Justices concurring.*