WARLICK *v.* ROME LOAN AND FINANCE COMPANY.

No. 14158.   SEPTEMBER 15, 1942.

*Matthews, Owens & Maddox,* for plaintiff.

*Leon & Dean Covington* and *J. R. Smith,* for defendant.

BELL, Justice. Mrs. Jessie Ross Warlick filed a suit to enjoin Rome Loan & Finance Company from using a stairway and other parts of a building owned by the plaintiff, for passage to and from the second story of a building of the defendant. The petition as amended was dismissed on general demurrer, and the plaintiff excepted. One of the questions presented is · whether the petition showed a prescriptive easement in the defendant. The following facts appeared:

J. T. Warlick, the husband of the plaintiff, died in 1927, owning besides other realty four store buildings in the city of Rome, known as 202, 204, 206, and 208 Broad Street. In 1928 his real property was divided among his heirs at law, by a preliminary written agreement and deeds pursuantly executed. In this division the four buildings above mentioned were disposed of as follows: The plaintiff, Mrs. Warlick, received the property known as 208, Miss Susie Warlick, a daughter, received 202, and other daughters received lots 204 and 206. The buildings were contiguous, and each had an upper or second story used for various purposes. In No. 208 was a· stairway leading to a hall in the second story of that building, and in the same building, on the second floor, was a "fire door" which afforded an opening into "the upstairs of the other buildings." This fire door, hall, and stairway were used as a means of passage to and from the second stories of the other buildings, during the lifetime of J. T. Warlick, and continued to be so used until and after the division among the heirs at law. In the divisional agreement the stairway was mentioned as "going to" Mrs. Warlick as a part of No. 208, but it was not expressly mentioned in any of the deeds based thereon; nor was there any reference to use or passage. In 1930 Miss Susie Warlick conveyed her building, known as 202, for a valuable consideration, to the Rome Loan & Finance Company, the deed of conveyance being duly recorded in November of that year. This deed, after describing the property conveyed, proceeded as follows: (1) "This conveyance also includes any and all rights grantor herein may have in and to the use of the stairway leading from Broad Street to the second

floor of the buildings located on the J. T. Warlick property, and which was divided by deeds of partition between the heirs of J. T. Warlick in December, 1928, and also all rights to use of the hallways in said buildings." (2) "The property conveyed by this deed being the same property conveyed by Mrs. Jessie Ross Warlick et al. to Miss Susie Warlick in deed dated December 5, 1928, and recorded in Book 134, page 453, of the Floyd County deed records." (3) "To have and to hold the said land, together with all appurtenances thereto belonging, to the only use of the said party of the second part, in fee simple." (4) A general warranty of title as to such "land and appurtenances."

The present suit was filed by Mrs. Warlick in December, 1941, and in it she sought to enjoin the defendant from using the "fire door, hallway, and stairway" in her building as means of passage to and from the second story of the building so conveyed by Miss Warlick to the defendant. It appeared from the petition that the defendant immediately entered into possession under its deed from Miss Susie Warlick, using the "fire door, hallway, and stairway" just as they were being used at the time of its purchase, and that it had continued in such possession and use until the time the suit was filed.

Several interesting questions have been argued with respect to whether Miss Susie Warlick acquired an easement as to these portions of store building No. 208, in the division of her father's estate by the contract and deeds to which reference has been made; but after a consideration of the whole case, we have reached the conclusion that whatever might be the proper solution of the other questions, the petition was subject to general demurrer, and properly dismissed, as showing upon its face a prescriptive easement in the defendant as to such property, based on seven-years possession under color of title. We shall therefore limit our discussion to this question.

Where the other elements of prescription are present, "adverse possession of lands, under written evidence of title, for seven years, shall give a like title by prescription." Code, § 85-407. This provision of law applies in like manner to easements. Code, § 85-409; *Phinizy* v. *Augusta*, 47 *Ga.* 260, 270; *Smith* v. *Jensen*, 156 *Ga.* 814 (3), 822 (120 S. E. 417). Compare *Kerlin* v. *Southern Bell Telephone &c. Co.*, 191 *Ga.* 663 (13 S. E. 2d, 790). The phrase "writ-

ten evidence of title" as used in § 85-407 means *color of title,* and may be any "writing, upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used—a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law." *Beverly* v. *Burke,* 9 *Ga.* 440 (3), 444 (54 Am. D. 351) ; *Byrom* v. *Riley,* 154 *Ga.* 580 (114 S. E. 642). "Color of title is anything in writing connected with the title which serves to define the extent of the claim. It matters not how imperfect or defective the writing may be, considered as a conveyance, if there is a writing which defines the extent of the claim." *Street* v. *Collier,* 118 *Ga.* 470 (45 S. E. 294). It may be only a sign or semblance of title. *Veal* v. *Robinson,* 70 *Ga.* 809 (2). So, entries by a sheriff without more have been held sufficient as color under the seven-year statute. *Field* v. *Boynton,* 33 *Ga.* 239 (3), 242. It has been so held also as to a mere letter describing land and stating, "I herewith surrender any rights and title therein to yourself or wife, just as you may choose." *Wooding* v. *Blanton,* 112 *Ga.* 509 (37 S. E. 720). Although the letter referred merely to "any" rights of the party writing it, the decision necessarily meant that it "professed" to pass title; otherwise a different conclusion would have been required. *White* v. *Rowland,* 67 *Ga.* 546 (3) (44 Am. R. 731). The *Wooding* case therefore bears doubly on the present question; for the deed here contained the similar language, "any and all rights the grantor may have in and to the stairway." Also, in *Cook* v. *Winter,* 68 *Ga.* 259, the deed conveyed certain land, with "water privileges and advantages to said land belonging," or which the grantor "may have acquired from the State of Georgia;" and despite the words "may have," the deed was held admissible as color of title. It was further ruled that if there was ambiguity as to "the property conveyed," it was explained by evidence as to possession and use at the time of the conveyance.

In *Westmoreland* v. *Westmoreland,* 92 *Ga.* 233 (17 S. E. 1033), the deed claimed as color was ambiguous on its face as to whether it was intended as a conveyance in præsenti or was testamentary in character. It was held that "public policy and the general principle on which prescription rests require that the doubt should be given in favor of the occupant and against the adverse claimant."

This court has several times ruled that a quitclaim deed may be good as color of title. *McCamy* v. *Higdon,* 50 *Ga.* 629 (2); *Castleberry* v. *Black,* 58 *Ga.* 386; *Hammond* v. *Crosby,* 68 *Ga.* 767 (2). In *Johnson* v. *Girtman,* 115 *Ga.* 794 .(42 S. E. 69), it was held that a deed conveying for a valuable consideration "all the right, title, interest, claim, or demand [the grantor] has or may have had in and to his interest in and to" a described lot of land was sufficient to convey whatever interest the grantor had in the entire lot; and where the grantee purchased in good faith, and held the land adversely under the deed for more than seven years, such claim ripened into a good prescriptive title. See generally, as to the effect of such a deed as a conveyance of title and as color of title, *Perkins* v. *Rhodes,* 192 *Ga.* 331 (15 S. E. 2d, 426); *Archer* v. *Kelley,* 194 *Ga.* 117 (21 S. E. 2d, 51); Hall *v.* Waterman, 220 Ill. 569 (77 N. E. 142, 4 L. R. A. (N. S.) 776); Lloyd *v.* Mills, 68 W. Va. 241 (69 S. E. 1094, 32 L. R. A. (N. S.) 702); Power *v.* Kitching, 10 N. D. 254 (86 N. W. 737, 88 Am. St. R. 691, 719, note); 2 C. J. S. 603, § 72; 1 Am. Jur. 901, § 196.

The deed here not only conveyed "any and all rights grantor . . may have in and to the use of the stairway leading from Broad Street to the second floor of the buildings," but conveyed "also all rights to use of the hallways in said buildings." Furthermore, the property conveyed "by this deed" was described as "being the same property conveyed" to the grantor by other parties by a previous deed, to which reference was definitely made; and following all of this was an *habendum* clause as to "the said land, together with all appurtenances thereto belonging," plus a warranty of title "to the said land and appurtenances." Manifestly this deed was sufficient as color of title as to an easement or right to use the stairway, fire-door, and hallway in the plaintiff's building as means of ingress and egress to and from the second floor of the defendant's building in the manner set forth in the plaintiff's petition. If by any possibility it could be said that the deed was ambiguous as to the scope and purpose of the particular easement intended, the language was sufficient to furnish a key for identification, and the pleaded circumstances would explain such ambiguity. See *Cook* v. *Winter,* supra; *Tumlin* v. *Perry,* 108 *Ga.* 520 (34 S. E. 171); *Harriss* v. *Howard,* 126 *Ga.* 325 (3), 331 (55 S. E. 59); *Bennett* v. *Atlantic Coast Line Railroad Co.,* 126

*Ga.* 411, 414 (55 S. E. 177). As to significance of the word "appurtenances" in this deed, see Code, § 29-301; *Redwine* v. *Brown,* 10 *Ga.* 311 (9); *Taylor* v. *Dyches,* 69 *Ga.* 455; *Murphey* v. *Harker,* 115 *Ga.* 77 (41 S. E. 585); *Stovall* v. *Coggins Granite Co.,* 116 *Ga.* 376 (42 S. E. 723); *Muscogee Manufacturing Co.* v. *Eagle & Phenix Mills,* 126 *Ga.* 210, 226 (54 S. E. 1028, 7 L. R. A. (N. S.) 1139); *Wimpey* v. *Smart,* 137 *Ga.* 325 (73 S. E. 586). "If in an action for the recovery of land it appears upon the face of the petition that the defendant has acquired a prescriptive title to the land in controversy, as against the plaintiff, such defect in the plaintiff's case may be taken advantage of by demurrer." *Gunter* v. *Smith,* 113 *Ga.* 18 (2) (38 S. E. 374). The same principle would apply to a suit for injunction.

When the instant petition is properly construed in the light of its omissions as well as its averments, it shows upon its face that the defendant, before the suit was filed, had acquired a prescriptive right to use the stairway and the related parts of the plaintiff's building as described in the petition, for passage to and from the second story of the defendant's building; and this being true, the court did not err in sustaining the general demurrer and dismissing the action. Compare *Toney* v. *Ledford,* 184 *Ga.* 856 (2) (193 S. E. 761). *Judgment affirmed. All the Justices concur.*