18397.   POORE *v.* POORE.

ARGUED NOVEMBER 9, 1953—DECIDED JANUARY 11, 1954—REHEARING DENIED FEBRUARY 11, 1954.

*Wheeler, Robinson & Thurmond,* for plaintiff in error.

*Weir S. Gaillard,* contra.

HEAD, Justice.   The undisputed evidence in this case shows that the deed from John L. Poore to Felix W. House was a warranty deed, dated January 6, 1902, and duly recorded.   The deed from House to H. H. Dean was a warranty deed, dated January

5, 1905, and duly recorded. The deed from Dean to Hugh M. Poore, Sr., was dated March 10, 1908, and duly recorded. The evidence was without conflict that Hugh M. Poore, Sr. (or his wife) had been in possession of the property continuously, at least since the date of the death of his father in 1909. The defendant's possession of the land under a duly recorded warranty deed was notice to the plaintiff and to the world of the defendant's claim of title. See *Williams* v. *Smith*, 128 *Ga.* 306, 313 (57 S. E. 801); *McElwaney* v. *MacDiarmid*, 131 *Ga.* 97, 98 (3) (62 S. E. 20).

The plaintiff's petition does not allege that the defendant was guilty of any fraud, and it is not alleged that the plaintiff was prevented by the defendant in any way from knowing of the defendant's title. In *McWhorter* v. *Cheney*, 121 *Ga.* 541, 547 (49 S. E. 603), this court held: "Eighteen years have elapsed since the alleged fraud was committed; the husband is dead, and the ascertainment of the truth made more difficult. Equity follows the analogy of the law; and even in suits to recover land, when fraud is charged, it has been held that 'the period of limitations applicable to an action . . . for the fraud is the same as that which would apply to an action for the land, to wit; seven years from the discovery of the fraud.' *Cade* v. *Burton*, 35 *Ga.* 280. 'If the defendant has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitations shall run only from the time of the discovery of the fraud.' Civil Code, § 3785. The statute of limitations is a statute of repose. When a person is defrauded and has knowledge of the fraud, the law expects him to ask redress, if at all, within the period of limitation. If he waits for a longer period, he is bound by his laches." See also *Citizens & Southern Nat. Bank* v. *Ellis*, 171 *Ga.* 717, 719 (156 S. E. 603); *Stephens* v. *Walker*, 193 *Ga.* 330, 331 (18 S. E. 2d 537); *Bryan* v. *Willingham-Little Stone Co.*, 194 *Ga.* 563 (22 S. E. 2d 40); *Slade* v. *Barber*, 200 *Ga.* 405 (37 S. E. 2d 143); *Hadden* v. *Thompson*, 202 *Ga.* 74 (42 S. E. 2d 125); *Whitfield* v. *Whitfield*, 204 *Ga.* 64 (48 S. E. 2d 852).

Under the above decisions of this court, if the plaintiff was entitled to any relief, his rights accrued more than 35 years prior to the filing of his suit. He is now barred from asserting a

claim that could have been asserted (under the allegations of his petition) more than 35 years ago.

The tract of 300 acres conveyed by John L. Poore to Felix W. House included within its boundaries the schoolhouse tract. John L. Poore having parted with any claim of title to the schoolhouse tract, it could not have descended to his heirs under the reversionary clause in his deed to the school trustees.

Whether or not the trial judge may have been in error as to any reason stated by him in directing a verdict for the defendant requires no ruling by this court. Under the pleadings and evidence the plaintiff could not recover, as hereinbefore set forth. A correct judgment by the trial judge will not be reversed by this court, even though he may give a wrong reason for his judgment. *Thomas* v. *Mayor &c. of Savannah,* 209 *Ga.* 866 (76 S. E. 2d 796), and cases cited.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*