ANDREWS, Judge.
This is an appeal by the defendants, Mabel FI. Devericlc and Ida Velma Tracey Ridge, to review a summary final judgment quieting title to certain real property located in Lee County in the names of the plaintiffs, Francis, Sam and John Bailey.
The plaintiffs deraigned their title to the land as follows:
1. Patent from the U.S.A. to E. Pell and his wife, dated February 14, 1895 and recorded April 16, 1896.
2. Warranty Deed from E. Pell and his wife to -P. Isaacs, dated March 19, 1898, recorded October 23, 1902. *441 (This instrument conveys only one-half of the property.)
3. Warranty Deed from E. Pell and his wife, to P. Isaacs, dated May 7, 1896 and recorded May 31, 1897. (This instrument conveys the remainder of the property.)
4. Tax Deed from the State of Florida to Frank P. Bailey, dated March 27, 1913 and recorded March 31, 1913.
5. Quit Claim Deed from Herbert L. Isaacs and his wife to Bailey, dated January 17, 1961 and recorded January 27, 1961.
The defendants claim title by adverse possession under color of title, and deraign their title as follows:
1.Offer to purchase and acceptance contract between Webb Shannahan to P. Isaacs, dated November 30, 1925 and recorded February 8, 1926.
2. Quit Claim Deed from Webb Shanna-han to Mabel Deverick dated July 1953 and recorded July 21, 1953.
3. Warranty Deed from Mabel Deve-rick to Ida Velma Ridge, dated March 4, 1957 and recorded September 12, 1958.
The quit claim deed from Shanna-han to Deverick is sufficient to establish color of title even though the grantor had no interest which could be conveyed. Mitchell v. Moore, Fla.1943, 152 Fla. 843, 13 So.2d 314; Waterman Hall v. Waterman, 1906, 222 Ill. 569, 77 N.E. 142, 4 L.R.A., N.S., 776. See also Warlick v. Rome Loan and Finance Co., 1942, 194 Ga. 419, 22 S.E.2d 61. The allegations and affidavits as to adverse possession of the subject property are sufficient to create a genuine issue of material fact to be determined by the court after trial.
The fact that the description in the tax deed contained an error in that one call was omitted will not render the title void, for if the description in a deed is such that a surveyor, by applying the rules of surveying, can locate and identify the land intended to be conveyed, such description is sufficient and the deed will be sustained. A palpable omission in the description in a deed may be supplied by construction. Campbell v. Carruth, 1893, 32 Fla. 264, 13 So. 432.
Accordingly, the judgment is reversed for such further proceedings in accordance with this opinion as the court may determine proper.
Reversed.
ALLEN, Acting C. J., and STURGIS, WALLACE E., Associate Judge, concur.