SPECTOR, Judge.
Plaintiff in an ejectment action has appealed from a judgment rendered upon a directed verdict in favor of the defendant at the end of the plaintiff’s case.
Appellant’s complaint alleges that ap-pellee is in possession of some 3.037 acres to which the former claims title through a deed from J. R. Sealy and his wife dated November 30, 1951, and recorded December 5, 1951, in the records of Walton County, Florida. Appellant’s deed encompasses substantial acreage in addition to the small parcel here under litigation. The deraignment of title submitted by appellant as an exhibit to the complaint concedes that both parties claim title out of a common source.
By his answer, the appellee admitted his possession of the subject parcel and his refusal to deliver it up to the appellant. The answer admitted that appellee’s claim is founded upon a deed from the Sealys and alleged his deed to have been dated March 6, 1951, and recorded on April 12, 1951. It is to be noted that the appellee’s deed was recorded some seven months prior to that of appellant. In addition to claiming under the 1951 deed, appellee’s answer also alleged title under a quit claim deed from Mrs. Sealy, by then a widow, dated June 10, 1963, and recorded June 15, 1963. After setting forth the two deeds aforesaid, appel-lee interposed his adverse possession under color of title as a defense to the ejectment action.
In support of said defense, appellee alleged that shortly after he bought the land from the Sealys in 1951, he went upon the land and enclosed it with a substantial fence. The fence was erected in either late 1951 or early 1952 and the said fence was still standing at the time the instant action was filed. Also alleged by appellee was that he had paid taxes upon the land enclosed and had claimed the land to be his from the day of the purchase to the present. It was also alleged by appellee that he had held the subject land openly and notoriously and against the claims of all other persons.
Upon trial of the cause, the plaintiff produced the testimony of two witnesses and introduced three exhibits. Also admitted in evidence were three exhibits for the defendant. The defense exhibits consisted of two deeds noted above and a copy of a survey of the property dated February 27, 1963. Said defense exhibits were admitted without objection by the appellant. The record of the trial proceedings also indicates a stipulation that the defendant had returned the property for taxation from 1951 until 1963 using the description in the first deed from the Sealys; and, beginning *66 in 1964, he returned it using the description in the second deed signed by Mrs. Sealy only in 1963.
The plaintiff’s exhibits consisted of a copy of its deed, a copy of a survey made by its witness, Cook, and a copy of a letter written by one of appellant’s agents. The letter was dated in 1962 and addressed to the appellee. The tenor of said letter is that appellant notes that appellee has erected a fence so as to enclose property which belongs to appellant and requests appellee to correct that situation. The letter also states that appellant has known of the alleged encroachment since 1953 and that on several occasions appellant had asked appellee to remove the fence. One of the witnesses produced by appellant corroborated the existence of the fence on appellant’s property as well as appellee’s refusal to remove the fence.
Section 95.16, Florida Statutes, F.S.A., provides that when an occupant of premises enters into possession thereof under claim of title based upon an instrument of conveyance or judgment and such possession is continued for seven years, the premises so occupied shall be deemed to have been held adversely. Appellant argues that the instrument of conveyance herein by which appellee asserts his claim is insufficient within the meaning of the cited statute because the description of the land purported to be conveyed thereby is insufficient for want of certainty. The rule in this jurisdiction is quite clear that an instrument must purport to convey the land involved before it may serve as effective color of title. Mitchell v. Moore, 152 Fla. 843, 13 So.2d 314. The testimony of appellant’s surveyor, Mr. Cook, was to the effect that the legal description of the land purportedly conveyed to appellee by the deed upon which he relies to serve as color of title was insufficient to enable him to locate the property sought to be deeded to him. The description found in said deed is as follows:
“A 40 acre square in the Northern portion of Sec. 34, Tp. 1. S. R. 19 W. bounded on the N. by Mallet Bayou and on the East by State Road #152.”
The defect in the foregoing description which appellant contends exists arises from the fact that Mallet Bayou’s shoreline forming the northern boundary does not run directly east and west nor is it a straight line as would be found in the ordinary “40-acre square”. Moreover, argues appellant, the survey of the appellee’s land which was performed by another surveyor as well as appellant’s surveyor shows that the sides of the “40-acre square” fenced by appellee are not equidistant. It seems to us that this evidence alone has the effect of making the sufficiency of the legal description in appellee’s deed a question that should have been decided by a jury after the submission of evidence by the defendant on the question. Although the description relied on by appellee may not be a model of clarity, it may nonetheless be legally sufficient if it is such as will enable a surveyor to ascertain and locate the land or if it is possible to ascertain and identify the land intended to be conveyed. Day v. Benesh, 104 Fla. 58, 139 So. 448 (1952); Deverick v. Bailey, 174 So.2d 440 (Fla.App. 1965).
The trial court’s disposition of the issues in this case by directed verdict in favor of defendant at the end of plaintiff’s case was premature as to another phase of the issues framed by the pleadings. Not only must there be evidence of sufficient color of title, but there must also be evidence of adverse possession for the prescribed period. When a party relies upon adverse possession, his case must depend upon the facts disclosed in the testimony. Hyer v. Griffin, 55 Fla. 560, 46 So. 635 (1908). The elements of adverse possession must be proven by clear and positive proof. Culbertson v. Montanbault, 133 So.2d 772 (Fla.App.1961); Van Meter v. Kelsey, 91 So.2d 327 (1956).
*67 The rule with respect to directed verdicts in an ejectment action is not unlike that which is applicable to actions at law generally. Such directed verdicts should not be charged to the jury unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the opposing party. If the evidence is in conflict, such conflicts should be resolved by the jury. Similarly, if there are conflicting reasonable inferences which, may be adduced from the evidence, the case should be submitted to the jury as a question of fact and not taken from them and passed upon by the court as a question of law. Bass v. Ramos, 58 Fla. 161, 50 So. 945 (1909).
Reversed.
JOHNSON, C. J., and WIGGINTON, J., concur.