S90A0538. SMART et al. v. MILLER.
(389 SE2d 757)

WELTNER, Justice.

Miller claims ownership to real property by prescription.

1. There are two statutory means of acquiring prescriptive title:

(a) OCGA § 44-5-163 provides:

Possession of real property in conformance with the requirements of Code Section 44-5-161 [adverse possession] for a period of 20 years shall confer good title by prescription to the property against everyone except the state. . . .

(b) OCGA § 44-5-164 provides:

Possession of real property under written evidence of title in conformance with the requirements of Code Section 44-4-161 [adverse possession] for a period of seven years shall confer good title by prescription to the property against everyone except the state . . ., provided that, if the written title is forged or fraudulent and if the person claiming adverse possession had actual notice of such forgery or fraud when he commenced his possession, no prescription may be based on such possession.

2. Miller claims prescriptive title pursuant to OCGA § 44-5-164. His mother purchased the real property by means of a deed executed by the administrator of Brown's estate, which purported to convey fee simple title. Miller, as successor, and his mother had possessed the

property for nearly nineteen years when the heirs of Brown filed a petition for declaratory judgment to determine ownership.

3. The heirs of Brown contend that the requirements of OCGA § 44-5-163 apply to Miller's claim of prescriptive title. They contend that the following facts constitute defects in the deed that render it insufficient to establish a claim of right under OCGA § 44-5-164:

(a) The administrator's deed did not convey a good fee simple title at the time it was executed because the testatrix Florence Brown Jones did not own the property at the time of her death in 1965.[1]

(b) The administrator signed the deed as administrator and also as unofficial witness.

(c) The deed contained a limitation because it purported to convey the property "in fee simple, in as full and ample a manner as the same was held and owned by Florence Brown Jones in her lifetime."

4. (a) In *Capers v. Camp*, 244 Ga. 7 (257 SE2d 517) (1979), we held:

> "Color of title is 'a writing upon its face professing to pass title, but which does not do it, either from want of title in the person making it, or from the defective conveyance that is used -- a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law.' " [Id. at 11.]

(b) We have delineated numerous types of instruments that are treated as color of title, including a void deed by a husband conveying his wife's property, *Street v. Collier*, 118 Ga. 470 (45 SE 294) (1903); a sheriff's deed without an execution, *Beverly v. Burke*, 9 Ga. 440 (1851); a deed executed by one as attorney in fact without authority, *Street v. Collier*, supra; a quitclaim deed, conveying "any rights of the grantor," *Warlick v. Rome Loan &c. Co.*, 194 Ga. 419 (22 SE2d 61) (1942).[2] We conclude that this instrument was sufficient as color of title.

5. The trial court did not err in finding that Miller acquired title to the property by prescription pursuant to OCGA § 44-5-164.

*Judgment affirmed. All the Justices concur.*

---

[1] All parties assumed that she owned the property at this time. In fact, it was owned by her daughter, whose name was also Florence Brown Jones.

[2] Instruments that have failed to meet the requirements of color of title include a void mortgage, *Philips v. Bond*, 132 Ga. 413 (64 SE 456) (1909); a deed describing lands other than those occupied by the claimant, *Luttrell v. Whitehead*, 121 Ga. 699 (49 SE 691) (1905); and a deed not purporting to convey the entire fee, *Bazemore v. Davis*, 69 Ga. 745 (1882).

90

DECIDED APRIL 5, 1990.

*Harrison & Willis, Randall P. Harrison,* for appellants.
*V. J. Adams, Jr.,* for appellee.