NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 13, 2025

S24G0864.  BROWNPHIL, LLC v. CUDJOE et al.

COLVIN, Justice.

We granted certiorari in this case to determine whether "possession of a recorded deed [is] sufficient to establish both the notice and land-possession requirements of adverse possession under color of title[.]" On appeal, both parties correctly agree that it is not. Although a recorded deed may be used to establish notice of the deed-holder's claim of ownership,[1] such a deed, by itself, cannot also establish that the deed-holder possesses the land in the manner required to confer prescriptive title. Because the Court of Appeals held otherwise in the case below, see *Brownphil, LLC v. Cudjoe*, 371

---

[1] The Court of Appeals correctly held that a recorded deed provides notice of the deedholder's claim of ownership to the land embraced by the deed, and the parties do not dispute this point on appeal. See *Brownphil, LLC v. Cudjoe*, 371 Ga. App. 126, 132 (899 SE2d 761) (2024) (slip opinion) (quoting *Poore v. Poore*, 210 Ga. 371, 372 (80 SE2d 294) (1954)).

Ga. App. 126 (899 SE2d 761) (2024) ("*Brownphil I*"), we vacate that decision and remand for further proceedings consistent with this opinion.

1. The facts of this case are not in dispute. Appellant Brownphil, LLC ("Brownphil") and Appellee Peter Kofi Amihere Cudjoe have competing claims to ownership of an undeveloped lot located in Bibb County (the "Property"). Though each party possesses a deed to the Property, Cudjoe has conceded that his deed is not supported by a continuous chain of title. In recognition that his deed is insufficient to establish his ownership, Cudjoe claims that he acquired title to the Property by an alternative means: adverse possession under color of title. Brownphil, by contrast, argues that Cudjoe had insufficient involvement with the land to establish adverse possession and instead claims that it owns the Property by virtue of its deed and an unbroken chain of title.[2]

Brownphil brought a quiet title action, and the parties filed

---

[2] A complete description of the facts of this case and its procedural history is found in *Brownphil I*. See *Brownphil I*, 371 Ga. App. at 127-130.

cross-motions for summary judgment. The trial court granted Cudjoe's motion and denied Brownphil's motion. Brownphil appealed, and the Court of Appeals affirmed. Brownphil sought certiorari from this court, which we granted,[3] and the case was argued orally in December 2024. Because the parties now correctly agree that a recorded deed is insufficient to establish the land-possession requirement of adverse possession under color of title, we review the relevant law before turning to the Court of Appeals's decision below.

2. Under certain circumstances, adverse possession of land can confer a type of legitimate ownership interest known as "title by prescription." See OCGA § 44-5-160. A claimant may obtain title by prescription to real property by possessing it adversely in accordance with statutory requirements for a period of 20 years. See OCGA § 44-5-163. Title by prescription may be acquired in as few as seven years, however, if the claimant possesses the property

---

[3] As referenced above, our order granting certiorari asked, "[i]s possession of a recorded deed sufficient to establish both the notice and land-possession requirements of adverse possession under color of title?"

adversely "under written evidence of title[.]" OCGA § 44-5-164.

We have explained that, within the meaning of OCGA § 44-5-164, the phrase "written evidence of title" means "color of title," and that "color of title" is "any writing, upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used[.]" *Warlick v. Rome Loan & Finance Co.*, 194 Ga. 419, 421-422 (22 SE2d 61) (1942) (punctuation omitted) (citing a former version of OCGA § 44-5-164, then codified as § 85-407). See *Herrington v. Church of the Lord Jesus Christ*, 222 Ga. 542, 546 (2) (150 SE2d 805) (1966) (same). See also *Georgia Power Co. v. Irvin*, 267 Ga. 760, 765 (1) (c) (482 SE2d 362) (1997) (defining "color of title"); *Stallings v. Britt*, 204 Ga. 250, 255 (3) (49 SE2d 517) (1948) (equating "written evidence of title" with "color of title" within the meaning of the statute). For this reason, our use of the phrase "adverse possession under color of title" in the question presented refers to the process of establishing title by prescription under written evidence of title as provided in OCGA § 44-5-164 and its predecessors, consistent

4

with our longstanding practice of using these phrases in this manner. See, e.g., *Washington v. Brown*, 290 Ga. 477, 479 (722 SE2d 65) (2012) (referring to the process of establishing prescriptive title under OCGA § 44-5-164 as adverse possession under color of title); *Gigger v. White*, 277 Ga. 68, 68, 70 (586 SE2d 242) (2003) (same); *Kemp v. Parks*, 227 Ga. 319, 319, 321 (180 SE2d 350) (1971) (same); *Wooding v. Blanton*, 112 Ga. 509, 509 (37 SE 720) (1900) (using the phrase "possession under color of title"). Brownphil does not dispute that Cudjoe's deed, though defective, constitutes color of title; rather, it argues that Cudjoe has failed to establish that he ever possessed the Property adversely.

OCGA § 44-5-161 (a) sets forth the characteristics that "possession" of land must have "to be the foundation of prescriptive title[.]"[4] OCGA § 44-5-161. In doing so, the statute takes as given

---

[4] OCGA § 44-5-161 (a) states in full:

(a) In order for possession to be the foundation of prescriptive title, it:

(1) Must be in the right of the possessor and not of another;
(2) Must not have originated in fraud except as provided in Code

5

that there can be no adverse possession without "possession" of the disputed property; indeed, such a proposition is axiomatic. See OCGA § 44-5-160 ("Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by law."). See also *McBee v. Aspire at West Midtown Apartments, L.P.*, 302 Ga. 662, 666 (3) (807 SE2d 455) (2017) (describing adverse possession as "the type of possession that can ripen into title by prescription"); *Yundt v. Davison*, 186 Ga. 179, 179 (2) (197 SE 248) (1938) ("The foundation of prescription is possession."). But OCGA § 44-5-161 does not define "possession," and so we look at the broader statutory context for the meaning of that term as it is used there.

To that end, other provisions in Article 7 of Chapter 5 of Title 44 provide some guidance. See OCGA §§ 44-5-165, 44-5-166. These

---

Section 44-5-162;
(3) Must be public, continuous, exclusive, uninterrupted, and peaceable; and
(4) Must be accompanied by a claim of right.

OCGA § 44-5-161 (a).

provisions recognize two types of possession: actual possession, see OCGA § 44-5-165, and constructive possession, see OCGA § 44-5-166, as explained further below.

OCGA § 44-5-165 states that "[a]ctual possession of lands may be evidenced by enclosure, cultivation, or any use and occupation of the lands which is so notorious as to attract the attention of every adverse claimant and so exclusive as to prevent actual occupation by another." OCGA § 44-5-165. See also *McBee*, 302 Ga. at 667 ("The word 'possession' 'denotes the corporeal control of property, a state of actual occupancy, evidenced by things capable of being seen by the eye or of being ascertained by the use of the primary senses.'" (quoting *Burgin v. Moye*, 212 Ga. 370, 374 (3) (93 SE2d 9) (1956)).

By contrast, OCGA § 44-5-166 states in relevant part that "[c]onstructive possession of lands exists where a person who has paper title to a tract of land is in actual possession of only a part of such tract. In such case, his or her possession shall be construed to extend to the boundary of such tract." OCGA § 44-5-166 (a). See *G.S. Baxter & Co. v. Wetherington*, 128 Ga. 801, 803 (58 SE 467) (1907)

7

(noting that "the rule of the Code" is "that actual possession of a part of a tract of land by one having paper title to the whole extends by construction over the whole tract[.]"). See also OCGA § 44-5-167 ("Possession under a duly recorded deed shall be construed to extend to all the contiguous property embraced in such deed."). Thus, as we explained in *Gordon v. Georgia Kraft Co.*, 217 Ga. 500 (123 SE2d 540) (1962), where two claimants, A and B, dispute ownership of the northern half of a lot, and one claimant, B, actually possesses the southern half of the lot and has color of title by virtue of a deed encompassing the whole lot, Claimant B constructively possesses the whole lot, including the disputed northern half. See *Gordon*, 217 Ga. at 508 (8) (explaining that Claimant B's actual possession of the southern half of the lot, when coupled with his color of title to the whole lot, constitutes constructive possession of the whole lot, and that Claimant B's recorded deed provides notice to Claimant A and others that Claimant B claims ownership over the disputed northern half of the lot).

Because constructive possession under OCGA § 44-5-166

8

requires actual possession of at least some portion of the property encompassed by the deed, it follows that there can be no adverse possession under color of title of the disputed property without at least some actual possession of property within the bounds of the deed. See *Sewell v. Sprayberry*, 186 Ga. 1, 7 (2) (196 SE 796) (1938) ("Before one can establish title by reason of possession under color of title, he must show, first, that the writing which he claims as color of title purports to confer title upon the possessor; second, *actual possession of some portion of the tract*; and third, a claim of ownership over the portion not held in actual possession." (emphasis supplied)). See also *Roughton v. Roughton*, 178 Ga. 367, 375 (173 SE 673) (1934) ("Nor could the deed here referred to be considered as a foundation of prescription under color of title, it not appearing that there was any possession under it. In order that prescription may ripen under color of title, 'there must not only be color of title but possession under it.'" (quoting *Turner v. Neisler*, 141 Ga. 27, 29 (80 SE 461) (1913)).

Though these provisions do not provide a comprehensive

definition of "possession," they establish the framework necessary to review the Court of Appeals's decision below and to address the question presented in this case: whether a recorded deed is sufficient to establish the land-possession requirement of adverse possession under color of title. See *Efficiency Lodge, Inc. v. Nelson*, 316 Ga. 551, 559-562 (2) (b) (i) (889 SE2d 789) (2023) (explaining that "possession," as a general matter, "involves a physical relationship with and the exercise of sufficient acts of ownership and control with respect to the subject property," but stopping short of "defin[ing] the contours of possession for all purposes" because such definition was not necessary to resolve the issue before the Court).

3. (a) In its analysis of the case, the Court of Appeals assumed without deciding that Cudjoe's maintenance of the Property and payment of property taxes was insufficient to establish actual possession. See *Brownphil I*, 371 Ga. App. at 132. But it then appeared to hold that Cudjoe's recorded deed established adverse *constructive* possession by providing notice and notoriety, stating:

[P]ossession of a recorded deed has been held to be

10

sufficient as not only "notice . . . to the world of the [possessor's] claim of title," *Poore v. Poore*, 210 Ga. 371, 372, (80 SE2d 294) (1954), but also "the element of notoriety essential to its being adverse." (Citations and punctuation omitted.) *Gordon v. Ga. Kraft Co.*, 217 Ga. 500, [508] (8), (123 SE2d 540) (1962) (*public recordation of deed provides notoriety for adverse constructive possession*).

Id. at 132 (emphasis and some brackets supplied). Based only on this purported *constructive* possession — there being no other possession mentioned in its analysis — the Court of Appeals then held that "the uncontroverted evidence showed that possession by Cudjoe under [his recorded deed], lasted significantly more than 7 years, was open and notorious, exclusive, adverse, and was not tainted by fraud." Id. It accordingly concluded that Cudjoe had established ownership of the Property by prescription (i.e., by adverse possession under color of title), and affirmed the ruling of the trial court. Id.

(b) As we have already explained above, however, establishing constructive possession to a tract of land under OCGA § 44-5-166 requires a deed encompassing that tract and actual possession of at least some portion of the land within the bounds of the deed. See

11

Sec. 2 (a), supra. Accordingly, it was error for the Court of Appeals to hold that Cudjoe constructively possessed the Property without analyzing whether he actually possessed any part of it. And to the extent the Court of Appeals relied on *Gordon* for the proposition that public recordation of a deed establishes constructive possession, it misapplied that case. As referenced above, *Gordon* explained that under the Georgia Code, actual possession of a portion of a tract of land within the bounds of a deed constitutes constructive possession of the whole tract and further that the recorded deed provides notice of the deedholder's claim of ownership to those portions of the tract not actually possessed. See *Gordon*, 217 Ga. at 508 (8). But *Gordon* does not say that possession of a recorded deed alone constitutes constructive possession; it says merely that where there is such constructive possession, the deed serves as notice to others of the possessor's claim. Id.

We therefore answer the question presented in the negative: a recorded deed, by itself, cannot serve to establish both the notice *and* the land-possession requirements of adverse possession by color of

title. Recall that Cudjoe pursued a claim of ownership under adverse possession precisely because he recognized his deed was defective and therefore insufficient to establish his ownership of the Property. To hold that this same deed, which was recorded more than seven years ago, established adverse possession all by itself, would mean that Cudjoe's deed was sufficient to establish ownership after all. This cannot be.

Because the Court of Appeals failed to analyze whether Cudjoe actually possessed the Property or any portion of it,[5] we vacate the Court of Appeals's decision in *Brownphil I* and remand for consideration of this issue.

*Judgment vacated and case remanded. Peterson, CJ, Warren, PJ, and Bethel, Ellington, McMillian, LaGrua, and Pinson, JJ, concur.*

---

[5] We decline to adjudicate this issue in the first instance, as requested by Cudjoe in his brief and at oral argument, because it is outside the scope of the question we posed when granting certiorari. See *Whitaker Farms, LLC v. Fitzgerald Fruit Farms, LLC*, 320 Ga. 208, 217 (2) (d) n.7 (908 SE2d 531) (2024) (citing Supreme Court Rule 45).