PIERCE, Judge.
This is an appeal by Mabel R. Deverick and Ida Velma Ridge, mother and daughter respectively, defendants in the lower Court, from a final judgment in favor of Francis P. Bailey, Jr., Sam Bailey and John Bailey, the three sons and sole heirs of Frank P. Bailey, deceased, who were plaintiffs below.
The three Bailey brothers filed suit on June 2, 1961, to quiet title to certain Gulf front lands on Sanibel Island in Lee County. Their claim of title was based upon (1) a tax deed issued to their father, Frank P. Bailey, in 1913, or in the alternative (2) a quit claim deed, dated January 17, 1961, and duly recorded in the Lee County public records, from Herbert L. Isaacs and his wife to plaintiff Bailey, the said Herbert L. Isaacs being the sole heir at law of one Phillip Isaacs, the last holder in the legal chain of title prior to the tax deed to Frank P. Bailey, the father, as aforesaid.
The answer of defendants Mrs. Deverick and Mrs. Ridge, mother and daughter, claimed title to the property by adverse possession under color of title. Such color of title was based upon a warranty deed from Mrs. Deverick to her daughter, Mrs. Ridge, in 1957, pursuant to a quit claim deed to Mrs. Deverick from one Webb Shannahan in 1953. Shannahan’s only basis of title was a sales agreement or option to purchase from Phillip Isaacs in 1925, which option had long since become void by reason of non-exercise and passage of time.
In due course, the trial Court entered summary final judgment in favor of plaintiffs Bailey. Upon appeal here, this Court reversed the summary final judgment, holding that the quit claim deed from Shanna-han to Mrs. Deverick, notwithstanding Shannahan had no interest which could be conveyed, could be sufficient color of title to rest a claim of title by adverse possession if sufficiently proven to the satisfaction of the Court after full trial. 174 So.2d 440.
The case then returned to the Circuit Court for further proceedings. Pre-trial conference was held, the case was tried by the Court without a jury, pursuant to which final judgment was entered in favor of plaintiffs Bailey.
The final judgment was in essence a finding, based upon adversary facts, that Mrs. Deverick and Mrs. Ridge had not proven title by adverse possession to the Court’s satisfaction. The mother and daughter have again appealed to this Court, now contending that the evidence, considered as a whole, did not sustain the Chancellor’s finding and final judgment. We cannot agree and affirm.
The judgment now appealed involves strictly a fact question, as to which the trial Court personally heard and considered all evidence adduced by and on behalf of the parties. It would serve no useful purpose here to discuss the pros and cons of the evidence, much less give our opinion thereon, which within the appellate process we would not be authorized to do. This is so because we find upon careful consideration of the record ample substantial competent evidence adduced before the Chancellor to sustain the final judgment as entered. The judgment appealed must therefore be affirmed.
Affirmed.
LILES, C. J., and McNULTY, J„ concur.