409 So.2d 41 (1981)
James T. DeROCHE and Ruth M. DeRoche, Appellants,
v.
Walter J. WINSKI and Patricia S. Winski, Appellees.
No. 80-1959.
District Court of Appeal of Florida, Second District.
December 16, 1981.
Rehearing Denied January 28, 1982.
*42 William F. Brewton of Brewton & Council, P.A., Dade City, for appellants.
Marc B. Cohen of Wendel & Chritton, Lakeland, for appellees.
OTT, Judge.
Appellees brought this action to enjoin appellants from maintaining a fence barring access to the 15-foot driveway previously used by appellees for ingress into their adjacent property. The trial court entered judgment in favor of appellees, on a finding that they had acquired title to the strip of land in question by adverse possession. On this appeal appellants argue that the doctrine of adverse possession was not applicable to the facts of this case; appellees *43 argue, with equal fervor, that it was. We agree with appellants, but affirm the judgment because it was correct for an unmentioned reason.
When the Zephyrhills Colony Company originally subdivided section 9 of township 26 south, range 21 east, in Pasco County, a 15-foot strip inside the perimeter of the entire section was reserved as a right of way. In 1948 one Benjamin Allen acquired title to tracts 112 and 113, lying in the easterly tier of tracts in section 9, with tract 113 lying southerly of tract 112. Allen operated a trailer park on portions of the two tracts and in 1954 began efforts to sell the southeasterly portion of tract 113. He erected posts to delineate the boundaries of the parcel he wanted to sell. As staked out, the parcel was 170 feet wide and 162.5 feet deep. However, he set the posts for the northeasterly and southeasterly corners of the parcel on the section line instead of on the actual tract line, which lay 15 feet west of the section line. Allen showed that parcel to various prospective purchasers and eventually sold it to one Smith in 1957.
At or about the time of the sale to Smith, Allen had his property surveyed by one Higginbotham. In making his survey, Higginbotham made the same mistake Allen had made in marking the corners of the parcel he wished to sell. As a consequence, Higginbotham drove iron stakes on the section line to mark the northeasterly and southeasterly corners of the Smith parcel, and showed the north and south boundaries of the parcel to be 170 feet in length. The deed executed by Allen in favor of Smith described the parcel as "the south 162.5 feet of the east 170 feet of tract 113, ... ."
Smith erected a fence, a hedge and a garage along the line marked by Allen and Higginbotham as the west boundary of the parcel. Allen, and later his successors in interest, first Koch and later appellees, used a 15-foot strip running parallel to and just west of that line as a driveway for entry into the trailer park.
In 1978 Smith sold most of his parcel to appellants. Prior to purchasing, they had the property re-surveyed and discovered the error that had been made by Allen and Higginbotham. Nevertheless, they proceeded to purchase the property and immediately moved their west boundary 15 feet west, in the process erecting a fence that barricaded appellees' driveway. Appellees then brought this action.
Appellants are quite correct in their contention that those facts do not support the finding that appellees acquired title to their driveway by adverse possession. There are two methods of acquiring title by adverse possession: a claimant with color of title can qualify under section 95.16, Florida Statutes, by continuous possession for a period of seven years; a claimant without color of title can qualify under section 95.18, Florida Statutes, by showing open, continuous, actual hostile possession, and payment of all taxes, for a period of seven years, with a return of said land for taxes during the first year of occupation and the enclosure or cultivation of the land for the seven-year period. Meyer v. Law, 287 So.2d 37 (Fla. 1973). The instrument relied upon to show color of title must be recorded (§ 95.16, Fla. Stat.) and it must purport to convey the land in question by a legally sufficient description. Mitchell v. Moore, 152 Fla. 843, 13 So.2d 314 (1943); Armstrong Cork Co. v. Crook, 227 So.2d 64 (Fla. 1st DCA 1969).
Appellees could not qualify under either of the two methods for establishing adverse possession. They did not have paper title to the strip in question and, as a consequence, they had not paid taxes on it. The court below erred in finding that adverse possession had been established.
Appellees argue that they do in fact have paper title to the strip in question, but that argument is patently unsupportable. They also contend that even if they have no color of title, the judgment should be affirmed because appellants' survey in 1978 attempted to relocate the boundary lines established by the original survey made by Higginbotham in 1957. They rely upon cases holding that a second survey purporting to *44 correct errors in an original survey is not competent evidence, and other cases holding that an original survey may not be ignored when property rights have been acquired in reliance thereon. Van Meter v. Kelsey, 91 So.2d 327 (Fla. 1956). Those cases confirm the sanctity of original surveys and they might have some bearing on the instant case if Higginbotham had made the original survey of this property. But he didn't, and therefore those cases have no application here.
The judgment is correct, however, and cannot be set aside merely because it may have been reached through misunderstanding. This case is governed by the principle that when the common grantor of adjacent parcels of property has established a dividing line between them with the knowledge and consent of the grantees of the respective parcels, and the grantees go into possession and observe that boundary line by acquiescence and recognition for an extended period of time, that line becomes binding between those grantees and their successors in interest, and cannot be changed. Acosta v. Gingles, 70 Fla. 13, 69 So. 717 (1915). This doctrine is variously called "boundary by agreement," "acquiescence" and "estoppel," and those are still valid, legal theories available under present Florida law. Peters v. Straley, 306 So.2d 588 (Fla. 2d DCA 1975). Those doctrines have nothing to do with adverse possession. Watrous v. Morrison, 33 Fla. 261, 14 So. 805 (1894); Williams v. Johntry, 214 So.2d 62 (Fla. 1st DCA 1968). Successors to the original grantees are also bound. Shaw v. Williams, 50 So.2d 125 (Fla. 1950).
The facts of this case meet all the requirements of that principle. Allen plainly marked the boundaries of the parcel he conveyed to Smith, appellants' predecessor in interest. Allen retained the remainder of tract 112 until he sold it to Koch, appellees' predecessor in interest, in 1960. The boundary line that he established between the two parcels was observed continuously until appellants entered the picture in 1978. When Smith improved and enclosed his parcel, he built his fence, hedge and garage precisely on the boundary line designated by Allen. That line cannot be changed now except by the agreement of the parties.[1]
The judgment is AFFIRMED.
SCHEB, C.J., and HOBSON, J., concur.
NOTES
[1] To avoid misunderstanding, should the question arise in the future, we should explain that the situation on the east line of appellants' property would not be governed by the principles that control this case. There, Allen did not own the adjacent parcel, which was a dedicated right of way. The boundary line he purported to establish there was not placed on property that he owned.