CAMPBELL, Judge.
This is a boundary line dispute between appellants, the Wadsworths, and appellees, the Myerses. The trial court found in favor of appellees. We affirm.
The dispute arose when appellants had the property surveyed in 1988, and discovered that the boundary line that they and appellees had observed for approximately eleven years was incorrect and that appel-lees, in fact, encroached on appellants’ property by several feet in some places.
In 1963, appellees had purchased, by recorded agreement for deed, a triangular piece of property, Parcel A, from William and Irene Byrd. The Byrds retained land to the north and west of Parcel A for themselves, Parcel B. At that time, Byrd showed appellee the boundary line between the two parcels based on a 1963 survey. Soon after, appellees built a barbecue pit and a carport on the boundary line.
In 1977, appellant, Dr. Wadsworth, met with Byrd to discuss purchasing Parcel B from the Byrds. Although Byrd, who was ill at the time, was unable to show appellant the boundary between the parcels, at closing he provided appellant with a copy of a 1977 survey performed by Clarence Wade showing the boundary line to be located where the 1963 survey had placed it and where appellees believed it to be.
In order to facilitate appellants’ building plans at the time that appellants purchased Parcel B, appellees deeded to appellants a triangular piece out of Parcel A (Parcel B-1) and, in return, appellants deeded to ap-pellees a rectangular parcel out of Parcel B (Parcel A-l). The dimensions and description of these parcels were determined by surveyor Clarence Wade who, in making the 1977 survey given to appellants, essentially retraced the 1963 survey.
In 1979, appellants built a fence along a portion of the boundary. Two or three years later, appellees built a fence along an additional portion of the boundary and connected it to appellants’ fence. Appellants also placed concrete car stops along the same boundary south of the fence.
In 1988, in anticipation of additional development, appellants had the property resurveyed by William Rowledge, who determined that the 1963 and 1977 surveys had incorrectly placed the boundary anywhere from a few inches to a few feet to the east and north, with the result that appellees’ barbecue pit, carport and garage eaves encroached on appellants’ property. In addi *411 tion, an ingress/egress easement in favor of appellees failed to reach appellees’ property.
Appellants sought a declaratory judgment that the 1988 survey should control. Appellants also sought reformation of the deeds and ejectment of appellees from appellants’ property. The trial court, apparently persuaded by appellees’ argument that they had established boundary by par-ol, found against appellants and fixed the boundary lines in accord with the 1963 and 1977 survey lines that the parties had observed for eleven years.
Appellants now ask us to find that the trial court incorrectly found that appel-lees established boundary by parol. We agree with appellants that appellees did not establish boundary by acquiescence, agreement or estoppel because there is no evidence of an actual boundary dispute as is required by Evans v. Forte, 510 So.2d 327, 330 (Fla. 2d DCA), rev. denied, 518 So.2d 1274 (Fla.1987). We do believe, however, that appellees established that the 1963 survey lines became binding under the common grantor theory. DeRoche v. Winski, 409 So.2d 41 (Fla. 2d DCA 1981).
Under this approach:
[W]hen the common grantor of adjacent parcels of property has established a dividing line between them with the knowledge and consent of the grantees of the respective parcels, and the grantees go into possession and observe that boundary line by acquiescence and recognition for an extended period of time, that line becomes binding between those grantees and their successors in interest, and cannot be changed.
DeRoche, 409 So.2d at 44. Acosta v. Cringles, 70 Fla. 13, 69 So. 717 (Fla.1915).
The common grantor here, Byrd, established the boundary line. He showed it to appellee when appellee purchased Parcel A. Although Byrd was unable to physically locate the boundary to show it to appellant, Byrd gave appellant a copy of the survey showing the line to be where Byrd had shown appellee it was. We believe this was sufficient. Each of the grantees, ap-pellee and appellant, apparently consented to the line since they both built fences and added improvements up to the line. The grantees went into possession and observed the boundary line by acquiescence and recognition for an extended period of time, about eleven years. The original grantor, Byrd, and the Myerses had observed this boundary line for fourteen years before that so that the boundary line had been observed for a total period of twenty-five years. We believe that appel-lees have established the existence of boundary by parol under the common grantor theory.
Although appellants have cited this court’s opinion in Evans in support of their position that the common grantor theory does not apply here, we believe that Evans may be distinguished. The court in Evans found that the common grantor theory did not apply because there was no direct evidence there that the older monuments observed by the parties had been placed there by the common grantor or that the monuments were pointed out to the purchasers as designating the boundary lines. Here, the common grantor, Byrd, specifically pointed out the boundary to appellees and gave appellant a survey showing that to be the line. We believe this was sufficient to show that Byrd intended the 1963 boundary line to be the boundary between the parcels.
Finally, appellees argued on cross-appeal that the trial court should have awarded them damages because appellants allegedly breached their warranty to defend as to Parcel A-l when appellants brought suit against appellees. However, in order for a breach to occur, there must be an actual or constructive eviction, and that did not occur here. Appellants did not claim paramount or superior title and their action did not result in eviction. See 20 Am.Jur.2d Covenants, Conditions and Restrictions §§ 54, 56, 151 (1965).
Affirmed.
DANAHY, A.C.J., and FRANK, J., concur.